1  LIONEL Z. GLANCY (#134180)
2  MICHAEL GOLDBERG (#188669)
   GLANCY BINKOW & GOLDBERG LLP
3  1801 Avenue of the Stars, Suite 311
4  Los Angeles, California 90067
   Telephone: (310) 201-9150
5  Facsimile: (310) 201-9160
6  E-mail: info@glancylaw.com

7  *Attorneys for Plaintiffs,*
8  *and Proposed Co-Lead Counsel*
9  *[Additional Counsel on Signature Page]*

10              **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**

12  ROBERT G. PERRIN and DIANE L.          ) No. 08-cv-07844 FMC (AGRx)
13  PERRIN, Individually and on Behalf of All )
    Others Similarly Situated,                 ) CLASS ACTION
14                                             )
15                          Plaintiffs,        ) **MEMORANDUM OF POINTS**
                                               ) **AND AUTHORITIES IN**
16              v.                             ) **SUPPORT OF MOTION OF**
                                               ) **THE HEMMER GROUP FOR**
17  SOUTHWEST WATER COMPANY,                   ) **CONSOLIDATION OF**
    ANTON C. GARNIER, MARK A.                  ) **RELATED ACTIONS,**
18  SWATEK and CHERYL L. CLARY,                ) **APPOINTMENT AS LEAD**
                                               ) **PLAINTIFF AND APPROVAL**
19                          Defendants.        ) **OF LEAD PLAINTIFF'S**
20                                             ) **SELECTION OF CO-LEAD**
                                               ) **COUNSEL**
21                                             )
22                                             ) Hon.  Florence Marie Cooper
                                               ) Date:  February 23, 2009
23                                             ) Time: 10:00 a.m.
                                                 Ctrm: 750
24  _____
25  *[Captions Continue on Following Pages]*
26
27

28

| | |
|---|---|
| PATRICIA JOHNSTON, Individually and on Behalf of All Others Similarly Situated, | ) No. 08-cv-07930 FMC (AGRx) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SOUTHWEST WATER COMPANY, MARK A. SWATEK, CHERYL L. CLARY, ANTON C. GARNIER and KPMG LLP, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

| | |
|---|---|
| DAVID HARROCH, Individually and on Behalf of All Others Similarly Situated, | ) No. 08-cv-08088 FMC (AGRx) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SOUTHWEST WATER COMPANY, ANTON C. GARNIER, MARK A. SWATEK, CHERYL L. CLARY and KPMG LLP, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

*[Captions Continue on Following Page]*

| | |
|---|---|
| THOMAS W. MOSHIER, Individually and on Behalf of All Others Similarly Situated, | ) No. 08-cv-08385 FMC (AGRx) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SOUTHWEST WATER COMPANY, ANTON C. GARNIER, MARK A. SWATEK and CHERYL L. CLARY, | ) ) ) ) |
| Defendants. | ) ) |
| SIDNEY W. HALL, Individually and on Behalf of All Others Similarly Situated, | ) No.  08-cv-08619 FMC (AGRx) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SOUTHWEST WATER COMPANY, MARK A. SWATEK, CHERYL L. CLARY, ANTON C. GARNIER, | ) ) ) ) |
| Defendants. | ) ) |

Movants Richard J. Hemmer, Paul M. Zatulove, Gus Karozos and Lionel Patenuade  (collectively, the "Hemmer Group" or "Movants") respectfully submit this memorandum of points and authorities in support of their motion for consolidation or related actions, appointment as Lead Plaintiff and for approval of Lead Plaintiff's selection of Co-Lead Counsel.

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

1

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I     FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II    PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    The Related Actions Should be Consolidated . . . . . . . . . . . . . . . . . 5

    B.    Movants Should Be Appointed Lead Plaintiff . . . . . . . . . . . . . . . . . 6

         1.    Movants Are Making A Motion In Response To
             A Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

         2.    Movants Have The Largest Financial Interest In This Action   7

         3.    Movants Satisfy The Requirements
             Of Rule 23 Of The Federal Rules Of Civil Procedure . . . . . . . 9

             a.    Movants' Claims Are Typical . . . . . . . . . . . . . . . . . . . 10

             b.    Movants Are Adequate Representatives . . . . . . . . . . . 11

         4.    Movants Are Presumptively
             The Most Adequate Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . 12

    C.    The Court Should Approve Lead Plaintiff's Choice Of Counsel . . 12

IV   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

i

1

## __TABLE OF AUTHORITIES__

2

## __CASES__

3

*Aronson v. McKesson HBOC, Inc.,*
4
    79 F. Supp. 2d 1146 (N.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5

*Berger v. Compaq Computer Corp.,*
6
    257 F.3d 475 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

7

*Fischler v. Amsouth Bancorporation,*
    176 F.R.D. 583 (M.D. Fla 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10
8

9

*Gluck v. Cellstar Corp.,*
    976 F. Supp. 542 (N.D. Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

10

*Greebel v. FTP Software,*
11
    939 F. Supp. 57 (D. Mass. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

12

*In re Advanced Tissue Sciences Sec. Litig,*
13
    184 F.R.D. 346 (S.D. Cal. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

14

*In re Baan Co. Sec. Litig.,*
15
    186 F.R.D. 214 (D.D.C. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

16

*In re Cavanaugh,*
    306 F.3d 726 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
17

18

*In re Enron Corp. Securities Litigation,*
    206 F.R.D. 427 (S.D. Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10

19

*In re Equity Funding Corp. of Am. Sec. Litig.,*
20
    416 F. Supp. 161 (C.D. Cal. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

21

*In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,*
22
    693 F.2d 847 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

23

*In re Olsten Corp. Sec. Litig.,*
    3 F. Supp. 2d. 286 (E.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
24

25

*In re Oxford Health Plans, Inc. Sec. Litig.,*
    182 F.R.D. 42 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

26

27

28

*In re Waste Mgmt. Inc. Sec. Litig.*,
    128 F. Supp. 2d 401 (S.D. Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Investors Research Co. v. United States District Court*,
    128 F. Supp. 2d 401 (S.D. Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Naiditch v. Applied Micro Circuits*,
    2001 WL 1659115 (S.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. III 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d. 1129 (C.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*Wenderhold v. Cylink Corp.*,
    188 F.R.D. 577 (N.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATUTES AND MISCELLANEOUS

The Private Securities Litigation Reform Act . . . . . . . . . . . . . . . . . . . . . . . . *passim*

15 U.S.C. §§ 78u-4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Fed. Rule of Civil Procedure 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of SouthWest Water's securities between May 10, 2005 and November 9, 2008, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

SouthWest Water provides water, wastewater and public works services, including water production, treatment and distribution, wastewater collection and treatment, utility billing and collection, utility infrastructure construction management, and public works services.  The Company owns regulated public utilities and also serves cities, utility districts and private companies under contract.  SouthWest Water's  subsidiaries are segmented into two operating groups: the Utility Group and the Services Group.

The Complaint alleges that, throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that in regard to certain acquired assets, the Company was improperly applying a rate of depreciation for financial reporting purposes that did not consider the length of time the assets were in service prior to being acquired; (2) that the Company was improperly capitalizing and depreciating costs associated with installing water and sewer taps in Texas and Mississippi but recognizing the

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

2

related tap fee revenue when received, instead of expensing the costs as incurred and recognizing the related revenue in the period the tap was actually installed; (3) that, as a result of the above, depreciation expense related to assets acquired by acquisition since 2000 had been understated on the Company's consolidated financial statements, that expenses related to the installation of water and sewer taps in Texas and Mississippi had been understated, and certain assets and related depreciation were overstated; (4) that as such, the Company misstated its financial results during the Class Period; (5) that the Company's financial results were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (6) that the Company lacked adequate internal and financial controls; and (7) that as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

Before the market opened on November 10, 2008, SouthWest Water shocked investors when the Company postponed its conference call scheduled for that day and announced that it would be delaying the filing of its Form 10-Q for the third quarter ended September 30, 2008.  The Company revealed that SouthWest Water's audit committee had concluded that the consolidated financial statements for the years ended December 31, 2005, 2006 and 2007 and for each of the quarters therein, as well as for the quarters ended March 31, 2008 and June 30, 2008, should no longer be relied upon and would be restated to correct a number of errors related to: (1) the establishment of the rate of depreciation of assets acquired by acquisition; and (2) the accounting for revenues and related costs

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

3

associated with the installation of water and sewer taps. The Company disclosed that it would correct the errors in its consolidated financial statements to bring them into alignment with its rate filings.

On this news, shares of SouthWest Water declined $2.97 per share, more than 36%, to close on November 10, 2008 at $5.25 per share, on unusually heavy volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiffs and other Class members have suffered significant losses and damages.

## II.   PROCEDURAL HISTORY

Plaintiffs Robert G. Perrin and Diane L. Perrin commenced case number 08-cv-07844 on November 26, 2008, and on that day, counsel for plaintiff published a notice of the pendency of plaintiff's case on *PR Newswire,* a widely circulated national business-oriented wire service.  *See* Declaration of Michael Goldberg In Support of Motion of the Hemmer Group For Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Co-Lead Counsel (the "Goldberg Declaration") at Exhibit A.  In addition to the *Perrin* action, four related actions subsequently were filed in this District (collectively the "Related Actions"), and each of the Related Actions is reflected above in the caption of this document.

Movants bring the instant motion pursuant to plaintiffs Robert and Diane L. Perrin's notice of pendency, and file this motion prior to expiration of the 60-day

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

4

1  period from publication of the November 26, 2008, notice.

2  **III.   ARGUMENT**

3  **A.  The Related Actions Should Be Consolidated**

4
5  Consolidation pursuant to Rule 42(a) is proper when actions involve

6  common questions of law and fact.  *See Aronson v. McKesson HBOC, Inc.*, 79 F.

7  Supp. 2d 1146, 1150 (N.D. Cal. 1999); *In re Equity Funding Corp. of Am. Sec.*

8  *Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976).  The Court has broad discretion

9  under this Rule to consolidate cases pending within its District.  *Investors*

10  *Research Co. v. United States District Court*, 877 F.2d 777 (9th Cir. 1989).

11
12  Courts recognize that class action shareholder suits are ideally suited to

13  consolidation because their unification expedites proceedings, reduces duplication

14  and minimizes the expenditure of time and money by all concerned.  *See Equity*

15  *Funding*, 416 F. Supp. at 176; *Aronson*, 79 F. Supp. 2d at 1150.  Consolidation

16  facilitates discovery, conserves judicial resources and reduces the confusion and

17  delay that result from prosecuting related class action cases separately.  *See Equity*

18  *Funding*, 416 F. Supp. at 176.

19
20  The actions pending before this Court present similar factual and legal

21  issues, as they all involve the same subject matter and present the same legal

22  issues.  Each alleges the same violations of the Exchange Act, and each is based

23  on the same wrongful course of conduct.  Each names the Company and certain of

24  its officers and/or directors as defendants.  Because the actions arise from the same

25
26  facts and circumstances and involve the same subject matter, the same discovery

27
28
No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

5

1 and similar class certification issues will be relevant to all related actions.

2 Accordingly, consolidation under Rule 42(a) is appropriate.

3 **B.          Movants Should Be Appointed Lead Plaintiff**

4
5 Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting

6 Lead Plaintiff in class actions brought under the Act.  The PSLRA directs courts to

7 consider any motion to serve as Lead Plaintiff filed by class members in response

8 to a published notice of class action by the later of (i) 60 days after the date of

9 publication of the notice; or (ii) as soon as practicable after the Court decides any

10 pending motion to consolidate.  15 U.S.C. §78u-4(a)(3)(B).  The PSLRA provides

11 a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead

12
13 Plaintiff is the person or group of persons that:

14     (aa)     has either filed the complaint or made a motion in response to a
15               notice. . . ;

16     (bb)     in the determination of the Court, has the largest financial
17               interest in the relief sought by the class; and

18     (cc)     otherwise satisfies the requirements of Rule 23 of the Federal
              Rules of Civil Procedure.

19
20 15 U.S.C. §78u-4(a)(3)(B)(iii).  *See also Wenderhold v. Cylink Corp.*, 188 F.R.D.

21 577, 584 (N.D. Cal. 1999).

22 As set forth below, Movants satisfy all three of these criteria and thus are

23 entitled to the presumption that the Hemmer Group is the most adequate Lead

24 Plaintiff for the Class.

25
26
27
28

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

6

1.     **Movants Are Making A Motion In Response To A Notice**

On November 26, 2008,  pursuant to §21D(a)(3)(A)(I) of the PSLRA counsel for plaintiffs Robert G. Perrin and Diane L. Perrin published a notice of pendency of plaintiff's case on *PR Newswire* –  a widely circulated national business-oriented wire service –  announcing that a securities class action had been filed against defendants herein, and advising purchasers of SouthWest Water securities that they had until January 26, 2009, to file a motion to be appointed as Lead Plaintiff.  Movants file the instant motion pursuant to plaintiffs Robert G. Perrin and Diane L. Perrin's published notice, and submit herewith Movants' sworn certifications attesting that they are willing to serve as representatives of the Class and willing to provide testimony at deposition and trial, if necessary.  *See* Goldberg Declaration, Exhibit B.  Movants therefore satisfy the requirement of either filing a complaint or making a motion in response to a published notice.

2.     **Movants Have The Largest Financial Interest In This Action**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii); *Naiditch v. Applied Micro Circuits*, 2001 WL 1659115 (S.D. Cal. 2001).  Moreover, courts have recognized that "one goal of the  PSLRA is to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

7

"lawyer-driven." *In re Enron Corp. Securities Litigation* 206 F.R.D. 427, 438 (S.D. Tex. 2002).

Exchange Act §21D(a)(3)(B) provides that the most adequate Lead Plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class." *See* §21D(a)(3)(B). The statutory language explicitly provides that a "member or members" of the class or the "person or group of persons" may combine to constitute "the largest financial interest" and thereby jointly serve as the "most adequate plaintiff." *Id.* (emphasis added). *See also In re Advanced Tissue Sciences Sec. Litig.*, 184 F.R.D. 346, 350, n. 11 (S.D. Cal. 1998). Thus, according to the plain language of the statute, individual plaintiffs may aggregate their losses in order to serve as the lead plaintiff.[1]

Here, Movants purchased 12,054 shares of SouthWest Water during the Class Period and have suffered aggregate losses of $86,931.78. *See* Goldberg Declaration, Exhibit C. Moreover, the Hemmer Group, comprising four members, is a "small group of manageable size that is capable of joint decision making regarding the litigation," consistent with the provisions of the PSLRA. *See Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d. 1129, 1135 (C.D. Cal. 1999). To the best of their knowledge, Movants believe that they have the largest known

---

[1]Although there is no bright-line rule for the maximum number of members in a lead plaintiff group, "[the] SEC has indicated that generally a group of investors appointed as Lead Plaintiffs should be no larger than three to five persons." *Enron,* 206 F.R.D. at 442 (citing *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 224 (D.D.C. 1999)).

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

8

financial interest in this case of any movant, and thus satisfy the largest financial

interest requirement to be appointed as Lead Plaintiff for the Class.

### 3.   Movants Satisfy The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in

addition to possessing the largest financial interest in the outcome of the litigation,

a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal

Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class

representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements

of Rule 23, the Court need not raise its inquiry to the level required in ruling on a

motion for class certification.  A *prima facie* showing that a PSLRA movant

satisfies the requirements of Rule 23 is sufficient.  *Greebel v. FTP Software,* 939

F. Supp. 57, 60, 64 (D. Mass. 1996).  Courts thus limit their inquiry to the

typicality and adequacy prongs of Rule 23(a), and defer examination of the

remaining requirements until class certification. *Enron,* 206 F.R.D. at 441; *In re*

*Waste Mgmt. Sec. Litig.,* 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000); *In re Oxford*

*Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

9

adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.")(*citing Gluck v. Cellstar Corp.,* 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla 1997)); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

### a.  Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Enron,* 206 F.R.D. at 441; *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001).  Rule 23 does not require the Lead Plaintiff to be identically situated with all class members.  It is enough that the Lead Plaintiff's situation shares a common issue of law or fact. *See Berger*, 257 F.3d at 480.  Here, Movants' claims are typical of the claims asserted by the Class.  Movants, like all members of the Class, allege that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning SouthWest Water's financial performance. Movants, like all of the members of the Class, purchased SouthWest Water securities during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. The interests of Movants are closely aligned with other Class members' and they are, therefore, typical of the other members of the Class.

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

10

### b.  Movants Are Adequate Representatives

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class."  Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda,* 67 F. Supp. 2d at 1137 (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).  The class representative must also have "a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Takeda,* 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. III 1986)).  Movants have demonstrated their adequacy as Lead Plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and have shown that they are "'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees.'" *Berger,* 257 F.3d at 479.

Movants herein have communicated with counsel concerning this case and have made this motion to be appointed Lead Plaintiff.  Movants also have sustained significant losses from their investments in SouthWest Water securities and are, therefore, extremely motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C.

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

11

### 4. Movants Are Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movants as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that the Hemmer Group is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Movants have suffered substantial losses – in excess of $86,000 – and believe that they have the largest known financial interest in this case of any movant. The ability of Movants to fairly and adequately represent the Class is discussed above. Movants are not aware of any unique defenses defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, the Hemmer Group is presumptively the most-adequate Lead Plaintiff and should be appointed Lead Plaintiff for the Class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

12

"necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movants have retained Cohen Milstein Sellers & Toll PLLC and Glancy Binkow & Goldberg LLP to pursue this litigation on their behalf, and will retain these firms as Plaintiff's Co-Lead Counsel, in the event they are appointed Lead Plaintiff. Cohen Milstein Sellers & Toll PLLC and Glancy Binkow & Goldberg LLP possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm résumés attached to the Goldberg Declaration as Exhibits D and E. Thus, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully ask the Court to grant their motion and enter an Order (a) consolidating related actions, (b) appointing Richard J. Hemmer, Paul M. Zatulove, Gus Karozos and Lionel Patenuade as Lead Plaintiff, and (c) approving their choice of Cohen Milstein Sellers & Toll PLLC and Glancy Binkow & Goldberg LLP as Co-Lead Counsel for the Class, and granting such other relief as the Court may deem just and proper.

Dated: January 26, 2009              **GLANCY BINKOW & GOLDBERG LLP**

                                              ___/s/ *Michael Goldberg*_____
                                              Michael Goldberg
                                              Lionel Z. Glancy

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

13

1   1801 Avenue of the Stars, Suite 311
2   Los Angeles, California 90067
    Telephone: (310) 201-9150
3   Facsimile: (310) 201-9160
4   E-Mail: Info@glancylaw.com

5   **COHEN MILSTEIN  SELLERS**
6   **& TOLL PLLC**
    Steven J. Toll
7   Daniel S. Sommers
8   Jason M. Leviton
9   1100 New York Avenue, N.W., Suite 500
    West Tower
10  Washington, D.C. 20005
11  Telephone:  (202) 408-4600
    Facsimile:  (202) 408-4699
12
13  *Attorneys for Plaintiffs,*
    *and Proposed Co-Lead Counsel*
14
15  **KHANG & KHANG LLP**
    Joon M. Khang
16  1901 Avenue of the Stars, 2nd Floor
17  Los Angeles, California 90067
    Telephone: (310) 461-1342
18  Facsimile: (310) 461-1343
19  E-Mail: Joon@Khanglaw.com
20
21  *Attorneys for Plaintiffs*
22
23
24
25
26
27
28

No. 08-cv-07844 FMC (AGRx) NOTICE OF MOTION OF THE HEMMER GROUP FOR  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

14

1
2
3

**PROOF OF SERVICE BY ELECTRONIC POSTING
PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA
LOCAL RULES AND ECF GENERAL ORDER NO. 08-02
AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES**

4

I, the undersigned, say:

5
6
7

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

8
9

On January 26, 2009, I caused to be filed the following documents by posting such documents electronically to the ECF website of the United States District Court for the Central District of California:

10
11
12

**1.     NOTICE OF MOTION AND MOTION OF THE HEMMER GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL**

13
14
15
16

**2.     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE HEMMER GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL**

17
18
19

**3.     DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF  THE HEMMER GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL**

20
21

**4.     PROPOSED]   ORDER   GRANTING   MOTION   OF   THE HEMMER GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL**

22
23

and, simultaneously served upon the following ECF-registered parties:

24

Lionel Z Glancy
lglancy@glancylaw.com

25
26
27

Michael M Goldberg
mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,rmaniskas@glancyla
w.com,info@glancylaw.com,rprongay@glancylaw.com

28

Joon M Khang
joon@khanglaw.com

There are no non-ECF-registered parties.

1

    I certify under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct.  Executed on January 26, 2009, at
2   Los Angeles, California.

3

4                                        *s/Michael Goldberg*_____
                                         Michael Goldberg

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28