LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

*Attorneys for Plaintiffs,*
*and Proposed Co-Lead Counsel*
*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ROBERT G. PERRIN and DIANE L. PERRIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHWEST WATER COMPANY, ANTON C. GARNIER, MARK A. SWATEK and CHERYL L. CLARY, <br><br> Defendants. <br><br> *Captions Continue on Following Pages* | No. 08-cv-07844 FMC (AGRx) <br><br> **CLASS ACTION** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION OF LAWRENCE AND SIMONE TIERI, AND IN FURTHER SUPPORT OF MOTION OF THE HEMMER GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL** <br><br> Hon.  Florence Marie Cooper <br> Date:  February 23, 2009 <br> Time: 10:00 a.m. <br> Ctrm: 750 |

| | |
|---|---|
| PATRICIA JOHNSTON, Individually and on Behalf of All Others Similarly Situated, | No. 08-cv-07930 FMC (AGRx) |
| Plaintiff, | |
| v. | |
| SOUTHWEST WATER COMPANY, MARK A. SWATEK, CHERYL L. CLARY, ANTON C. GARNIER and KPMG LLP, | |
| Defendants. | |
| DAVID HARROCH, Individually and on Behalf of All Others Similarly Situated, | No. 08-cv-08088 FMC (AGRx) |
| Plaintiff, | |
| v. | |
| SOUTHWEST WATER COMPANY, ANTON C. GARNIER, MARK A. SWATEK, CHERYL L. CLARY and KPMG LLP, | |
| Defendants. | |
| THOMAS W. MOSHIER, Individually and on Behalf of All Others Similarly Situated, | No. 08-cv-08385 FMC (AGRx) |
| Plaintiff, | |
| v. | |
| SOUTHWEST WATER COMPANY, ANTON C. GARNIER, MARK A. SWATEK and CHERYL L. CLARY, | |
| Defendants. | |

REPLY TO TIERI OPPOSITION IN FURTHER SUPPORT OF HEMMER GROUP MOTION FOR LEAD PLAINTIFF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| SIDNEY W. HALL, Individually and on Behalf of All Others Similarly Situated, | No.  08-cv-08619 FMC (AGRx) |
|---|---|
| Plaintiff, | |
| v. | |
| SOUTHWEST WATER COMPANY, MARK A. SWATEK, CHERYL L. CLARY, ANTON C. GARNIER, | |
| Defendants. | |

# **TABLE OF CONTENTS**

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      THE HEMMER GROUP SHOULD BE APPOINTED LEAD PLAINTIFF
        AS THE TIERIS HAVE FAILED TO REBUT THE PRESUMPTION
        THAT THE HEMMER GROUP IS THE MOST ADEQUATE
        LEAD PLAINTIFF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.      The Hemmer Group Has the Largest Financial Interest in the
                Relief Sought by the Class. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.      The Tieris Do Not Dispute That the Hemmer Group Satisfies
                the Requirements of Rule 23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        C.      The Hemmer Group Is a Small, Cohesive Group of Manageable
                Size Capable of Coordinating Their Efforts in Managing the
                Litigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        D.      The Tieris May Be Subject to Unique Defenses under Rule 23 . . . . 10

II.     THE COURT SHOULD APPROVE THE HEMMER GROUP'S
        CHOICE OF COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

III.    THE TIERIS' MOTION SHOULD BE DENIED AS THEIR
        OPPOSITION WAS UNTIMELY FILED. . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## CASES

*Blackie v. Barrack*,
   524 F. 2d 891 (9th Cir. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Chill v. Green Tree Fin. Corp.*,
   181 F.R.D. 398 (D. Minn.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004). . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 7-9, 12

*In re Advanced Tissue Sec. Litig.*,
   184 F.R.D. 346 (S.D. Cal. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Baan Co. Sec. Litig.*,
   186 F.R.D. 214 (D.D.C. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 12, 14

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Centerline Holding Co. Sec. Litig.*,
   No. 08-505 (SAS), 2008 WL 1959799 (S.D.N.Y. May 5, 2008). . . . . . . . . . 5

*In re ECI Telecom Ltd. Sec. Litig.*,
   U.S.D.C., E.D. Va., Civil Action No. 01-913-A. . . . . . . . . . . . . . . . . . . . . 13

*In re Gilat Satellite Networks, Ltd. Sec. Litig.*,
   U.S.D.C., E.D.N.Y., Case No. 02-1510 CPS. . . . . . . . . . . . . . . . . . . . . . . 13

*In re Infonet Services Corp. Sec. Litig.*,
   U.S.D.C., C.D. Cal., Case No. 01-cv-10456 (NM) . . . . . . . . . . . . . . . . . . 12

*In re Krispy Kreme Doughnuts, Sec. Litig.*,
   U.S.D.C., M.D.N.C., No. 04-cv-00416. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Lernout & Hauspie Sec. Litig.*,
    138 F. Supp. 2d 39 (D. Mass. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Musicmaker.com Sec. Litig.*,
    U.S.D.C., C.D. Cal., Case No. 00-02018 (CAS). . . . . . . . . . . . . . . . . . . . . 12

*In re Ravisent Techs., Inc. Sec. Litig.*,
    U.S.D.C., E.D. Pa., No. 00-cv-01014 (RBS). . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Real Estate Associates Limited P'Ship Litig.*,
    U.S.D.C., C.D. Cal., Case No. 98-cv-7035 (DDP). . . . . . . . . . . . . . . . . . . . 12

*In re Staar Surgical Co. Sec. Litig.*,
    U.S.D.C., C.D. Cal., Case No. 04-cv-8007 (SJO). . . . . . . . . . . . . . . . . . . . 12

*In re Star Gas Sec. Litig.*,
    No. 04-cv-1766, 2005 WL 818617 (D. Conn. Apr. 8, 2005). . . . . . . . . . . . 6

*In re Surebeam Corp. Sec. Litig.*,
    No. 03-CV-1721,
    2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Dec. 31, 2003). . . . . . . . . . . . 4, 7

*In re Turbodyne Techs. Inc. Sec. Litig.*,
    U.S.D.C., C.D. Cal., Case No. 99-cv-00697 (FMC). . . . . . . . . . . . . . . . . . 13

*In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*,
    122 F.R.D. 251 (C.D. Cal. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lang v. Vonage Holdings Corp., et al.*,
    U.S.D.C., D.N.J., No. 06-cv-02500 (FLW). . . . . . . . . . . . . . . . . . . . . . . . . 9

*Reimer v. Ambac Fin. Group, Inc.*,
    Nos. 08 Civ. 411 *et al.*, 2008 WL 2073931 (S.D.N.Y. May 9, 2008). . . . . . 9

*Smith v. Suprema Specialties, Inc.*,
    206 F.Supp. 2d 627 (D.N.J. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Steckman v. Hart Brewing*,
    143 F.3d 1293 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Takeda v. Turbodyne Techs., Inc.,*
      67 F. Supp. 2d. 1129 (C.D. Cal. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Tanne v. Autobytel, Inc.,*
      226 F.R.D. 659 (C.D. Cal. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Tsirekidze v. Syntax-Brillian Corp.,*
      No. 07-cv-2204, 2008 WL 942273 (D. Ariz., April 7, 2008). . . . . . . . . . . 10

*Varghese v. China Shenghuo Pharm. Holdings, Inc.,*
      ___ F. Supp. 2d ___,
      No. 08-cv-7422, 2008 WL 5245360 (S.D.N.Y. Dec. 10, 2008). . . . . . . . . . 9

*Weltz v. Lee,*
      199 F.R.D. 129 (S.D.N.Y. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Zenith Labs., Inc. v. Carter-Wallace, Inc.,*
      530 F.2d 508 (3d. Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**FEDERAL STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. §78u-4(a)(3)(b)(iii)(II). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. §78u-4 (a)(3)(B)(v). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

Private Securities Litigation Reform Act of 1995. . . . . . . . . . . . . . . . 3, 4, 7-9, 12

**FEDERAL RULES**

Fed. R. Civ. P. Rule 23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# INTRODUCTION[1]

Presently pending before the Court are two motions for consolidation of related actions, appointment as lead plaintiff, and approval of lead plaintiff's selection of counsel.  Under the Ninth Circuit's straightforward approach in appointing the lead plaintiff, the Hemmer Group should be appointed lead plaintiff in this action because it: (1) has the largest financial interest in the relief sought by the Class; (2) otherwise satisfies the requirements of Rule 23; and (3) the Tieris have failed to rebut the presumption that the Hemmer Group is the most adequate lead plaintiff.

It is indisputable that the Hemmer Group maintains the largest financial interest in the relief sought by the class and is presumptively the most adequate plaintiff as it suffered losses more than *two times* greater than the losses asserted by the Tieris. The Tieris do not contest the presumption that the Hemmer Group is the most adequate plaintiff, but instead resort primarily to two specious arguments, based neither in logic nor in law, that are merely red herrings.  First, the Tieris arbitrarily compare their collective losses to the individual losses of each of the Hemmer Group separately.  Second, the Tieris, without citing a *single* authority, argue that the Court should only appoint one law firm as lead counsel.  Both arguments have no support in the law and should be rejected.  Indeed, the Tieris acknowledge the weakness of their argument as they admit that the two law firms representing the Hemmer Group are well-qualified and that "both are certainly capable and competent firms[] and there is nothing inappropriate about multiple law firms representing a class of

---

[1]Lead plaintiff movants Richard J. Hemmer, Paul M. Zatulove, Gus Karozos, and Lionel Patenuade (collectively, the "Hemmer Group" or "Movants"), respectfully submit this memorandum of points and authorities in reply to the untimely opposition of Lawrence Tieri and Simone Tieri (collectively the "Tieris"), and in further support of the Hemmer Group's motion for consolidation of related actions, appointment as Lead Plaintiff, and for approval of Lead Plaintiff's selection of Co-Lead Counsel. The Hemmer Group respectfully refers the Court to its opening memorandum for the arguments in favor of consolidating the related actions.

investors." Tieris Opposition Br. at 5.

The Hemmer Group is a small, manageable and cohesive group, as further evidenced by the joint declaration of the Hemmer Group submitted herewith. *See* Joint Declaration of the Hemmer Group, attached as Exhibit A to the Goldberg Reply Declaration submitted herewith. The Hemmer Group has shown its ability to efficiently and effectively lead this litigation and that the four members are actively working together in the prosecution of this action. *Id.*

As the Tieris have failed to rebut the presumption that the Hemmer Group is the most adequate plaintiff, the inquiry ends and the Hemmer Group's motion should be granted. However, a further analysis of the Tieris reveals that they should not be appointed lead plaintiff as they harbor typicality and adequacy concerns. Because the Tieris did not purchase SouthWest Water securities after September 2007, their standing may become a focus of the litigation should the yet to be revealed details of SouthWest Water's pending restatement reveal that only purchasers later in the Class Period have standing. Moreover, the Tieris' untimely submission and inability to adhere to the Court's rules at the very outset of the litigation raises adequacy concerns as similar errors in the future may seriously harm the class.

In addition, the Tieris' failure to timely file an opposition is a separate reason to deny their application to be appointed lead plaintiff, as it "may be deemed consent to the granting [of the Hemmer Group's] motion." L.R. 7-12. As detailed below, the Tieris' motion should be denied, and the Hemmer Group should be appointed lead plaintiff, and their choice of counsel, the law firms of Cohen Milstein Sellers & Toll PLLC and Glancy Binkow & Goldberg LLP, should be appointed co-lead counsel.

## **ARGUMENT**

**I.    THE HEMMER GROUP SHOULD BE APPOINTED LEAD PLAINTIFF AS THE TIERIS HAVE FAILED TO REBUT THE PRESUMPTION THAT THE HEMMER GROUP IS THE MOST ADEQUATE LEAD PLAINTIFF**

The Ninth Circuit has set forth a straightforward approach to appointing the lead plaintiff in a securities fraud class action pursuant to the plain language of the

Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which requires first and foremost looking at which movants have the largest financial interest in the litigation. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). There is a presumption that the "person or group of persons" with the largest financial interest is the "most adequate plaintiff," so long as that person (or group) satisfies the requirements of Rule 23. Then, the Court must focus on that presumptively adequate plaintiff *only*, and if competing movants fail to rebut the presumption, then the inquiry ends and the presumptively adequate plaintiff must be appointed lead plaintiff. *Ferrari v. Gisch*, 225 F.R.D. 599, 603 (C.D. Cal. 2004).[2]

As set forth herein and in the Hemmer Group's Opening and Opposition Memoranda, the Hemmer Group has the largest financial interest in this matter and meets the requirements of Rule 23 and therefore is the presumptive lead plaintiff. The Tieris fail to rebut this presumption, *i.e.,* fail to offer **proof** that the Hemmer Group is otherwise incapable of "fairly and adequately protect[ing] the interests of the class" or "is subject to unique defenses." 15 U.S.C. §78u-4(a)(3)(b)(iii)(II). As such, the inquiry is complete and the Court need not even consider the Tieris' ability to litigate this action, and the Hemmer Group should be appointed Lead Plaintiff.

## A.   The Hemmer Group Has the Largest Financial Interest in the Relief Sought by the Class

The most important element in determining the presumptively most adequate plaintiff – the financial interest of the movants – easily favors appointment of the Hemmer Group as lead plaintiff. The Hemmer Group's financial interest in this litigation – $86,931.78 – is plainly greater than the Tieris' financial interest of

---

[2]"In *Cavanaugh*, the court cautioned that 'a straightforward application of the statutory scheme ... provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case . . . . So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.*

1  "nearly" $38,650.  Thus, per the simple and straightforward instructions set forth by

2  the Ninth Circuit in *Cavanaugh*, the Hemmer Group has the largest financial interest

3  in this action.[3]

4       The Tieris attempt to obfuscate the straightforward financial interest analysis

5  by arbitrarily comparing their losses to the *individual* losses of each of the Hemmer

6  Group members *separately*.  This comparison is irrelevant under Ninth Circuit law;

7  the plain language of the PSLRA instructs that the Court "shall adopt a presumption

8  that the most adequate plaintiff ... is the ***person or group of persons*** that ... has the

9  largest financial interest ... and ... satisfies the requirements of Rule 23." 15 U.S.C.

10 § 78u-4(a)(3)(B)(iii)(I) (emphasis added).  The majority of courts in this Circuit and

11 this District have recognized that the PSLRA specifically contemplates a group of

12 persons serving as lead plaintiff.  *See, e.g., Cavanaugh*, 306 F.3d at 731-39 (finding

13 that "a 'group of persons' can collectively serve as lead plaintiff" and directing the

14 lower court to vacate order appointing individual investor as lead plaintiff and to

15 "proceed based on the presumption that the Cavanaugh group [of five individuals] is

16 the most adequate plaintiff"); *Ferrari*, 225 F.R.D. at 608 ("Since the [PSLRA]

17 expressly authorizes the appointment of a 'group' of persons to serve as Lead

18 Plaintiffs, the key question is whether the proposed plaintiff group can effectively

19

20       [3]While the Tieris have not contested the calculation of the sustained losses,
21 courts have looked at four factors when the calculation of "financial interest" is in
22 dispute: (i) total shares purchased during the class period; (ii) net shares purchased
   during the class period; (iii) total net funds expended during the class period; and (iv)
23 approximate recoverable loss.  *In re Surebeam Corp. Sec. Litig.*, No. 03-CV-1721,
24 2003 U.S. Dist. LEXIS 25022, at *10 - *11 (S.D. Cal. Dec. 31, 2003);  *Ferrari*, 225
   F.R.D. at 604 (utilizing number of shares purchased, net funds expended, and total
25 loss) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).  Here, *all*
26 *four factors* indicate that the Hemmer Group has the largest financial interest, as the
   Hemmer Group has purchased more total shares (12,054 to 4,000), purchased more
27 net shares (11,582 to 4,000), expended more net funds ($129,913.18 to $54,250.00),
28 and have sustained greater losses ($86,931.78 to $38,650.00).

1  manage the litigation and direct lead counsel.").[4]

2      Notwithstanding the Tieris' muddled attempt to alter the lead plaintiff inquiry,

3  under the proper straightforward analysis conducted by courts in this district and

4  other districts in the Ninth Circuit, the Hemmer Group has the largest financial

5  interest in this litigation with sustained losses more than twice that of the Tieris.

6      **B.    The Tieris Do Not Dispute That the Hemmer Group Satisfies the Requirements of Rule 23**

7      The Hemmer Group and its members otherwise satisfy the Rule 23

8  requirements. *See* 15 U.S.C. § 78u-4(1)(3)(B)(iii)(I)(cc). The relevant provisions of

9  Rule 23 requires generally that the lead plaintiffs' claims be typical of the claims of

10  the class and that the representatives fairly and adequately protect the interests of the

11  class. As previously stated and reiterated herein, the Hemmer Group amply satisfies

12  the typicality and adequacy requirements of Rule 23 and are qualified to be appointed

13  lead plaintiffs.

14      The Tieris do not dispute the Hemmer Group's typicality and adequacy.

15  Typicality is satisfied because the claims asserted by the Hemmer Group are based

16  on the same legal theories and arise "from the same event or course of conduct giving

17  rise to the claims of other class members." *In re United Energy Corp. Solar Power*

18  *Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988); *accord*

19  *Blackie v. Barrack*, 524 F. 2d 891, 902-03 n. 19 (9th Cir. 1975). The interests of the

20  Hemmer Group are clearly aligned with those of the members of the proposed class.

21

_____

22      [4]*See also In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 216 (D.D.C. 1999)

23  (holding that "Congress provided flexibility for a 'group of persons' to be lead

24  plaintiff."); *In re Centerline Holding Co. Sec. Litig.*, No. 08-505 (SAS), 2008 WL

25  1959799, at *3-*4 (S.D.N.Y. May 5, 2008) (appointing group of four unrelated

26  investors as lead plaintiff, finding that "[g]roups of unrelated investors are acceptable

27  if they otherwise meet the requirements of the PSLRA," and rejecting argument that

28  groups of investors with pre-litigation connection should be preferred as lead plaintiffs under the PSLRA).

Additionally, the members of the Hemmer Group have signaled their willingness and desire to serve on behalf of the proposed class and intend to do so upon the Court's appointment. Accordingly, the Hemmer Group satisfies the adequacy requirements of Rule 23.

Moreover, the Hemmer Group has selected the law firms Cohen Milstein Sellers & Toll PLLC and Glancy Binkow & Goldberg LLP as proposed co-lead counsel to represent it and the Class. Both law firms have extensive experience in the area of shareholder litigation, and both have successfully litigated numerous securities class actions and are well-qualified to serve as lead counsel. *See* Hemmer Group's Opening Mem., Goldberg Decl. Ex. D & E (attaching firm resumés). Thus, the Court may be assured that, by granting the Hemmer Group's motion, the class will receive the highest caliber of legal representation.

**C.    The Hemmer Group Is a Small, Cohesive Group of Manageable Size Capable of Coordinating Their Efforts in Managing the Litigation**

The Hemmer Group, comprised of only four members, is a "small group of manageable size that is capable of joint decision making regarding the litigation," consistent with the provisions of the PSLRA.[5]  *See Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d at 1135 (Morrow, J.). Moreover, the members of the Hemmer Group have sufficiently established that they are able to coordinate their efforts in the

---

[5]The Hemmer Group is comprised of members who purchased shares throughout the Class Period, which represents a unique benefit to the class over the Tieris, who purchased shares only twice in a limited window during the overall Class Period. This fact affirmatively warrants the appointment of the group as lead plaintiff. *E.g., In re Star Gas Sec. Litig.*, No. 04-cv-1766, 2005 WL 818617, at *5, *7 (D. Conn. Apr. 8, 2005) (appointing *unrelated* investors as lead plaintiff because "it would be most beneficial to the class under the circumstances"; one appointed investor, unlike the other appointed investors, had the "unique attribute" of suffering losses "stemming from stock purchases early in the class period"; "it is appropriate to appoint one lead plaintiff who represents purchasers of Star Gas stock during the earlier years of the proposed class period").

1   litigation.

2       A lead plaintiff group, "must be sufficiently small that it can engage in

3   coordinated decision-making." *Ferrari*, 225 F.R.D. at 608.  Indeed, the Securities

4   and Exchange Commission ("SEC")[6] has taken the position that the PSLRA expressly

5   allows appointing as lead plaintiff a small group of no more than three to five

6   members, as such a small group can effectively manage "the litigation and the

7   lawyers" and "facilitate joint decision making."  *In re Baan Co. Sec. Litig.*, 186

8   F.R.D. at 224; *see also Ferrari*, 225 F.R.D. at 608 (citing SEC memorandum).  Courts

9   have adhered to the SEC's interpretation, as "the majority of courts to have

10  considered the issue allow aggregation in small groups."  *In re Surebeam Corp. Sec.*

11  *Litig.*, 2003 U.S. Dist. LEXIS 25022, at *13.  *See also Weltz v. Lee*, 199 F.R.D. 129,

12  132 (S.D.N.Y. 2001) (rejecting the contention that "a group of seven unrelated

13  individuals is too large to lead effectively this litigation and her interest of 4,000

14  shares of GTE stock should be deemed the largest financial interest for the purposes

15  of the PSLRA" and appointing seven-member group as lead plaintiff); *In re Advanced*

16  *Tissue Sec. Litig.*, 184 F.R.D. 346, 352- 53 (S.D. Cal. 1998) (winnowing a proposed

17  group of 250 down to six);  *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 408-409

18  (D. Minn.1998) (winnowing the proposed plaintiff group of almost 300 to six).

19      Vitiating the Tieris' speculative concern stated in their opposition that "there

20  is no suggestion how [members of the Hemmer Group] plan to work together as a

21  cohesive unit,"  the members of the Hemmer Group have submitted herewith a joint

22  declaration demonstrating that they are actively working together to prosecute this

23  action.  Joint Declaration of the Hemmer Group, attached as Exhibit A to the

24  Goldberg Reply Declaration concurrently filed herewith (the "Joint Declaration").

25  Courts routinely consider declarations submitted by members of proposed lead

26

27      [6]The SEC's interpretation of the securities laws is entitled to deference. *See*
28  *Steckman v. Hart Brewing*, 143 F.3d 1293, 1297 (9th Cir. 1998) (courts "must give
    substantial deference to the SEC's interpretation of the securities laws").

plaintiff groups to determine whether the group will adequately represent the class. *See, e.g.*, *Ferrari*, 225 F.R.D. at 607; *Smith v. Suprema Specialties, Inc.*, 206 F.Supp. 2d 627, 635 (D.N.J. 2002) ("[T]o sustain a group of proposed lead plaintiffs, courts have established protocols to insure that the group will be effective. Such protocols include requiring declarations or affidavits to demonstrate that the proposed lead plaintiffs can work effectively as a group."); *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 45 (D. Mass. 2001) (appointing group of three individuals as lead plaintiff where the group members submitted declarations showing their ability to work together in the litigation).

The Hemmer Group "seek[s] to be appointed Lead Plaintiff so [it] can direct and guide this litigation in the best interest of SouthWest Water Company ('SouthWest Water') securities purchasers." Joint Declaration, at ¶2. The members of the group "believe that [they] should be appointed as Lead Plaintiff and have agreed to work together to ensure the maximum recovery on behalf of the proposed class." *Id.*, at ¶9. The members of the Hemmer Group have demonstrated that they are ready, willing, and able to "to commit the necessary resources to remain apprised of all developments in the litigation, to participate in important decisions governing litigation strategy, to regularly communicate with our counsel and with each other on important matters relating to the litigation, and to assist our counsel in the prosecution of this action, including, but not limited to, reviewing important court filings and orders." *Id.*, at ¶11. Moreover, "[i]n light of [their] substantial financial interests in this litigation," the members of the Hemmer Group "concluded that [they] should move to be appointed as lead plaintiff in this litigation." *Id.*, at ¶4 The Hemmer Group's ability to lead and collectively manage this litigation is further evidenced by the fact that the members "have communicated with each other and through our chosen counsel." *Id.*, at ¶3. The members of the group are "confident that [they] can work together in an effective and efficient manner to vigorously prosecute claims on behalf of class members who purchased SouthWest Water securities. *Id.*, at ¶12.

The Tieris miss the mark in asserting that the Hemmer Group's counsel had, in a different case pending in a different federal circuit, previously opposed a lead plaintiff motion made by a group of individuals.[7]  The irrelevance of the Tieris' assertion is underscored by the Tieris' failure to mention that their own counsel, the Specter Roseman firm, have supported the lead plaintiff appointment of a group of individuals numerous times before.  *E.g., Lang v. Vonage Holdings Corp.*, *et al.*, U.S.D.C., D.N.J., No. 06-cv-02500 (FLW); *In re Ravisent Techs., Inc. Sec. Litig.*, U.S.D.C., E.D. Pa., No. 00-cv-01014 (RBS); *In re Krispy Kreme Doughnuts, Sec. Litig.*, U.S.D.C., M.D.N.C., No. 04-cv-00416.  In fact, in the *Vonage Holdings* action, the Specter Roseman firm argued that "nothing in the PSLRA prohibits a group from filing" and that "there is no requirement that the group be related."  *See* Vonage IPO Investors Group Reply Brief at 13, attached as Exhibit C to the Goldberg Reply Declaration submitted herewith.  Tieris' counsel in that case argued that "the lead

---

[7]In support of their argument, the Tieris cite to a recent decision from the Southern District of New York in which one of the firms representing the Hemmer Group was representing a different client that was appointed lead plaintiff over a group of investors.  Tieris Opposition Br. at 4 (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, __ F. Supp. 2d __, No. 08-cv-7422, 2008 WL 5245360 (S.D.N.Y. Dec. 10, 2008)).  Putting aside that in the ***preceding sentence*** the Tieris admit that in the Central District of California groups such as the Hemmer Group are "***permissible***," Tieris Opposition Br. at 4 (citing *Ferrari*, 225 F.R.D. at 608), the Tieris' selective reading of *Varghese* strains credulity as the *Varghese* court plainly recognized, "[t]he majority of courts, including those in this [d]istrict, have adopted an intermediate position, ***permitting*** unrelated investors to join together as a group seeking lead-plaintiff status . . . ."  __ F. Supp. 2d __, 2008 WL 5245360, at *2 (emphasis added).  Moreover, the court expressly stated, "[i]n short, the proposed group must 'evince an ability (and a desire) to work collectively to manage the litigation.'"  *Id.* at *3 (quoting *Reimer v. Ambac Fin. Group, Inc.*, Nos. 08 Civ. 411 *et al.*, 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008)) (proposed group held joint conference calls to formulate strategy).  In submitting their Joint Declaration, the Hemmer Group, here, has demonstrated exactly what the court in *Varghese* found missing: the group's ability and desire to work together in litigating this action.

plaintiff *should* consist of a group of investors, rather than a single investor, as it will ensure that the interests of all class members are adequately protected." *Id.* (emphasis in original).  As demonstrated herein, *supra* note 5; *infra* Section I.D, appointing the Hemmer Group is necessary to adequately represent the interests of those who purchased shares of SouthWest Water *throughout* the Class Period.

In sum, the four-member Hemmer Group has sufficiently demonstrated that it is a small cohesive group of manageable size.  Based on the Hemmer Group's small number of members, the qualifications of its members and selected counsel, as well as the stated willingness and ability of the group's members to jointly litigate and coordinate the  prosecution of this action, the Hemmer Group is the presumptively most adequate plaintiff.  As the Tieris have not presented any evidence to rebut a finding that the Hemmer Group's representation will be adequate, or a finding that the group satisfies the other requirements of Rule 23, the Court should appoint the Hemmer Group as lead plaintiff on behalf of the class.

### D. The Tieris May Be Subject to Unique Defenses under Rule 23

As the Tieris have failed to rebut the presumption that the Hemmer Group is the most adequate plaintiff, the lead plaintiff inquiry ends there and this Court need not, and should not, consider the Tieris' ability to meet the requirements of Rule 23. However, assuming, *arguendo*, that the Tieris could somehow rebut the presumption (which they cannot), the Tieris still should not be appointed lead plaintiff, as they may suffer from unique defenses rendering them atypical under Rule 23. "Typicality is not satisfied when a proposed lead plaintiff is subject to a unique defense, which could become the focus of the litigation. *Tsirekidze v. Syntax-Brillian Corp.*, No. 07-cv-2204, 2008 WL 942273, at *4 (D. Ariz., April 7, 2008) (citing *Zenith Labs., Inc. v. Carter-Wallace, Inc.*, 530 F.2d 508, 512 (3d. Cir. 1976).

As noted in the Hemmer Group's opposition brief, the Tieris only purchased shares of SouthWest Water on or before Sept. 18, 2007.  SouthWest Water has yet to disclose the detailed quarter-by-quarter effect of the company's pending restatement.

According to the statements made by the Company thus far, the restatement will have a "*cumulative*" effect of reducing the Company's net income. *Perrin* Complaint (No. 08-cv-07844-FMC), at ¶44.  If the Company's restatement reveals that revenues or earnings were actually understated before Sept. 19, 2007, then the Tieris' standing could be attacked altogether as they might have *benefitted* from the fraud by purchasing shares at artificially *deflated* prices.  Such a scenario might put actually harmed, absent members of the Class at risk who at a later point in the litigation may have come to increasingly rely on the lead plaintiff to prosecute this action.  Indeed, absent class members could suffer from the prolongation of the litigation caused by the litigation over the standing issue itself as well as the search for substitute lead plaintiffs should the Tieris be found to lack standing; or worse, absent class members could suffer from the dismissal of this action if no substitute lead plaintiffs or interveners decide to step forward at that time.

Unlike the Tieris, the Hemmer Group does not suffer from this potentially fatal defect, as the Hemmer Group purchased shares as early as July 12, 2005, approximately two months into the Class Period, with additional purchases in 2005, 2006, 2007, and 2008, with the last purchase on October 29, 2008, less than two weeks before the end of the Class Period.  As such, appointing the Hemmer Group as Lead Plaintiff would avoid the possibility of abandoning the representation of absent class members.[8]

---

[8]The Tieris filed their opposition brief in violation of the Court's rules and to this day, have not sought leave to file their untimely opposition.  Furthermore, not only should the Tieris' untimely filed opposition brief be stricken and disregarded, *see infra* Section III, but the Tieris' act of untimely filing the brief independently presents adequacy concerns as well.  Here, the Tieris' untimely filing likely will not harm absent class members as the Hemmer Group is a competing movant for lead plaintiff.  However, similar errors in the future in failing to appreciate the particular deadlines and procedures imposed by the Local Rules of this District as well as the rules and procedures of this Court may seriously harm absent class members.

## II.   THE COURT SHOULD APPROVE THE HEMMER GROUP'S CHOICE OF COUNSEL

Under the statutory scheme established by the PSLRA, the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *See* 15 U.S.C. §78u-4 (a)(3)(B)(v).  A court may only override the lead plaintiff's choice of counsel where the court believes it necessary to "protect the interests of the class." *Ferrari*, 225 F.R.D. at 610 (citing *Cavanaugh*, 306 F.3d at 732 n. 11); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 673 (C.D. Cal. 2005); *Cavanaugh*, 306 F.3d at 734 (citing 15 U.S.C. § 78u-4(a)(3)(B)(v)) ("While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Here, the Hemmer Group has selected the law firms Cohen Milstein Sellers & Toll PLLC and Glancy Binkow & Goldberg LLP as co-lead counsel to represent it and the Class.  Proposed co-lead counsel have extensive experience successfully litigating securities class actions.  *See* Op. Mem., Goldberg Decl. Ex. D & E (attaching firm resumés).[9]  Cohen Milstein Sellers & Toll PLLC and Glancy Binkow

---

[9]Indeed, proposed Co-Lead Counsel have, as sole or Co-Lead Counsel, successfully litigated to conclusion numerous complex class actions across the country, and in particular, in this District. *E.g., In re Infonet Services Corp. Sec. Litig.*, U.S.D.C., C.D. Cal., Case No. 01-cv-10456 (NM) (Glancy Binkow & Goldberg LLP achieved a settlement of $18 million as Co-Lead Counsel); *In re Musicmaker.com Sec. Litig.*, U.S.D.C., C.D. Cal., Case No. 00-02018 (CAS) (Glancy Binkow & Goldberg LLP achieved a settlement of $13 million as sole Lead Counsel); *In re Real Estate Associates Limited P'Ship Litig.*, U.S.D.C., C.D. Cal., Case No. 98-cv-7035 (DDP) (Glancy Binkow & Goldberg LLP, serving as Class Counsel, achieved a $184 million jury verdict after a six-week trial, eventually settling the litigation for $83 million); *In re Staar Surgical Co. Sec. Litig.*, U.S.D.C., C.D. Cal., Case No. 04-cv-8007 (SJO) (Cohen Milstein Sellers & Toll PLLC and Glancy Binkow & Goldberg LLP achieved a $3.7 million settlement as Co-Lead Counsel); *In re Turbodyne Techs. Inc. Sec. Litig.*, U.S.D.C., C.D. Cal., Case No. 99-cv-00697 (FMC) (Glancy Binkow & Goldberg LLP achieved a $2.9 million settlement as co-

& Goldberg LLP, together as co-lead counsel in the same action, have successfully prosecuted securities class actions to conclusion, demonstrating their ability to work efficiently and successfully in representing a class of investors.  *E.g., In re Gilat Satellite Networks, Ltd. Sec. Litig.*, U.S.D.C., E.D.N.Y., Case No. 02-1510 CPS, (Cohen Milstein Sellers & Toll PLLC and Glancy Binkow & Goldberg LLP achieved a settlement of $20 million as Co-Lead Counsel); *In re ECI Telecom Ltd. Sec. Litig.*, U.S.D.C., E.D. Va., Civil Action No. 01-913-A, (Glancy Binkow & Goldberg LLP as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel achieved a settlement of $22 million).  Accordingly, the Court can be assured that the Hemmer Group and its  proposed lead counsel will adequately protect the interests of absent class members.

Again, the Tieris merely conjure an irrelevant red herring in arguing that the Court should look to appoint a single lead counsel.  Initially, it should be noted that the Tieris concede that "both [Cohen Milstein Sellers & Toll PLLC and Glancy Binkow & Goldberg LLP] are certainly capable and competent firms, and there is nothing inappropriate about multiple law firms representing a class of investors." Tieris Opposition Br. at 5.  Additionally, the Tieris' point is specious at best, as both the Tieris and the Hemmer Group are proposing that two law firms represent the class.  Furthermore, the Tieris' naked assertion calling for the appointment of one firm as lead counsel fails to meet the heavy burden required to upset the deference given to lead plaintiffs in their choice of counsel.  Indeed, the Tieris concede that according to the law of this Circuit, the Court "does not select class counsel at all" and only looks to see if "lead plaintiff's choice of counsel is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on the plaintiff's willingness or ability to perform the functions of lead plaintiff." Tieris

---

Lead Counsel).  Proposed Co-Lead Counsel have jointly litigated together other securities class actions efficiently and effectively to achieve successful results.

1    Opening Br. at 9 (quoting *Cavanaugh*, 306 F.3d at 732-33).

2         In short, this Court should appoint the law firms Cohen Milstein Sellers & Toll

3    PLLC and Glancy Binkow & Goldberg LLP as co-lead counsel as they have

4    demonstrated their experience, willingness and ability to represent the class.

5    **III.   THE TIERIS' MOTION SHOULD BE DENIED AS THEIR
            OPPOSITION WAS UNTIMELY FILED**

6

7         The Tieris have failed to rebut the presumption that the Hemmer Group is the

8    most adequate plaintiff and therefore, according to the law of this Circuit, the inquiry

9    ends and their motion should be denied.  That the Tieris failed to timely file a brief

10   in opposition to the Hemmer Group's moving papers is an independent and further

11   reason to deny the Tieris' motion and to appoint the Hemmer Group as lead plaintiff.

12        The Hemmer Group is the only movant which timely filed and served

13   opposition papers in accordance with this Court's rules.  *See* Judges' Rules and

14   Procedures, Hon. Florence-Marie Cooper, *available at* www.cacd.uscourts.gov

15   ("Opposition papers are to be ***filed and served not later than 21 days befor****e* the

16   hearing date") (emphasis added); Civil Minutes (Dkt Item No. 3, filed Dec. 3, 2008)

17   ("Counsel are reminded to observe Judge Cooper's motion briefing schedule when

18   filing civil motions; the schedule is available on her website profile @

19   www.cacd.uscourts.gov").  After missing the deadline to oppose the Hemmer Group's

20   motion, on February 3, 2009 the Tieris submitted an untimely response.  In doing so,

21   the Tieris did not bother to seek the Court's permission and did not provide any

22   explanation[10] as to why the Court should entertain its improper submission.

23   _____

24        [10]The circumstances surrounding the Tieris' untimely filing are unclear and
     raise many unanswered questions.  On February 3, 2009 the Tieris' counsel left a
25   voice message with the Hemmer Group's counsel briefly stating that the Tieris had
     encountered an unexplained "glitch" in filing their papers and would not be filing
26   their opposition "until  today."  The Tieris' counsel did not explain the nature of the
     "glitch," why they were unable to notify the Hemmer Group's counsel of the "glitch"
27   any sooner, why they were nevertheless unable to ***timely serve*** the Hemmer Group's
28

1    The Tieris should not be rewarded for disregarding the relevant rules of this
2    District and this Court and for getting an improper preview of the Hemmer Group's
3    timely filed opposition brief before having to submit both their opposition and reply
4    briefs.   As such, the Tieris should be deemed to have consented to the Hemmer
5    Group's motion for appointment as lead plaintiff. L.R. 7-12 ("The Court may decline
6    to consider any memorandum or other paper not filed within the deadline set by order
7    or local rule.  The failure to file any required paper, *or the failure to file it within the*
8    *deadline, may be deemed consent to the granting or denial of the motion*.")
9    (emphasis added).   Because the Hemmer Group satisfies the requirements for
10   appointment as Lead Plaintiff, and no opposition to its motion was timely filed, the
11   Hemmer Group should be appointed Lead Plaintiff on behalf of the Class.

12   ## CONCLUSION

13   For the foregoing reasons, the Hemmer Group respectfully requests that the
14   Court grant their motion and enter an Order (a) consolidating the related actions, (b)
15   appointing Richard J. Hemmer, Paul M. Zatulove, Gus Karozos, and Lionel
16   Patenuade as Lead Plaintiff, and (c) approving the Hemmer Group's selection of
17   Cohen Milstein Sellers & Toll PLLC and Glancy Binkow & Goldberg LLP as Co-
18   Lead Counsel for the Class, and granting such other relief as the Court may deem just
19   and proper.

20   Dated: February 9, 2009          GLANCY BINKOW & GOLDBERG LLP

21
22                                     /s/ Michael Goldberg
                                      Michael Goldberg
23                                    Lionel Z. Glancy
24
                                      1801 Avenue of the Stars, Suite 311
25
26   ─────────────────────────
27   counsel via e-mail or facsimile, or why the Tieris had still neither filed nor served
28   their opposition. *See* February 3, 2009 Letter from Peter A. Binkow to Kirk Hulett,
     attached as Exhibit B to the Goldberg Reply Declaration, filed concurrently herewith.

1   Los Angeles, California 90067
2   Telephone: (310) 201-9150
    Facsimile: (310) 201-9160
3   *E-Mail: Info@glancylaw.com*
4
5   COHEN MILSTEIN  SELLERS
    & TOLL PLLC
6   Steven J. Toll
7   Daniel S. Sommers
8   Jason M. Leviton
9   1100 New York Avenue, N.W., Suite 500
    West Tower
10  Washington, D.C. 20005
11  Telephone:  (202) 408-4600
12  Facsimile:  (202) 408-4699
13
    *Attorneys for Plaintiffs,*
14  *and Proposed Co-Lead Counsel*
15
16  KHANG & KHANG LLP
    Joon M. Khang
17  1901 Avenue of the Stars, 2nd Floor
18  Los Angeles, California 90067
19  Telephone: (310) 461-1342
    Facsimile: (310) 461-1343
20  *E-Mail: Joon@Khanglaw.com*
21
22  *Attorneys for Plaintiffs*
23
24
25
26
27
28

REPLY TO TIERI OPPOSITION IN FURTHER SUPPORT OF HEMMER GROUP MOTION FOR LEAD PLAINTIFF

**PROOF OF SERVICE BY ELECTRONIC POSTING
PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA
LOCAL RULES AND ECF GENERAL ORDER NO. 08-02
AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On February 9, 2009, I caused to be filed the following documents by posting such documents electronically to the ECF website of the United States District Court for the Central District of California:

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION OF LAWRENCE AND SIMONE TIERI, AND IN FURTHER SUPPORT OF MOTION OF THE HEMMER GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL**

**DECLARATION OF MICHAEL GOLDBERG IN REPLY TO OPPOSITION OF LAWRENCE AND SIMONE TIERI, AND IN FURTHER SUPPORT OF MOTION OF  THE HEMMER GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL**

and, simultaneously served upon the following ECF-registered parties:

Lionel Z Glancy
lglancy@glancylaw.com

Michael M Goldberg
mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,rmaniskas@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

Blake M Harper
bmh@hulettharper.com,Katie@hulettharper.com

Joon M Khang
joon@khanglaw.com

Dennis J. Stewart
dstewart@hulettharper.com

There are no non-ECF-registered parties.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 9, 2009, at Los Angeles, California.

*s/Michael Goldberg*_____
Michael Goldberg