Glancy Binkow & Goldberg LLP
Lionel Z. Glancy (#134180)
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
info@glancylaw.com

Cohen Milstein Sellers & Toll PLLC
Daniel S. Sommers (*pro hac vice*)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:   (202) 408-4600
Facsimile:    (202) 408-4699
dsommers@cohenmilstein.com

*Co-Lead Counsel for Lead Plaintiffs and the Class*

[Additional counsel located on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert G. Perrin and Diane L. Perrin Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SouthWest Water Co., *et. al.*,<br><br>Defendants. | Case No.  2:08-CV-07844-JHN-AGRx<br><br>**OPPOSITION OF LEAD PLAINTIFFS TO DEFENDANT SOUTHWEST WATER COMPANY'S, ANTON C. GARNIER'S, MARK A. SWATEK'S, CHERYL L. CLARY'S, AND PETER J. MOERBEEK'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:   May 10, 2010 (*Scheduled*)<br>           May 17, 2010 (*Proposed*)<br>Time:   2:00 p.m.<br>Judge:   Hon. Jacqueline H. Nguyen<br>Courtroom:   1600 |

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................... 1

II. ARGUMENT ........................................................................................... 2

    A. Plaintiffs Have Standing Under Section 11 ........................................ 2

    B. Alternatively, the Court Should Grant a Continuance of the Summary Judgment Motion............................................................... 6
        1. Legal Standard ..................................................................... 7
        2. A Rule 56(f) Continuance is Appropriate Because Plaintiffs Have Not Been Permitted to Conduct Any Discovery............................................................................... 7
        3. Plaintiffs Meet the Rule 56(f) Standard.................................. 9

III. CONCLUSION ......................................................................................10

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

i

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abbey v. Computer Memories, Inc.*,
    634 F. Supp. 870 (N.D. Cal. 1986) .................................................................. 4, 8

*Affiliated Ute Citizens of Utah v. United States*,
    406 U.S. 128 (1972) ............................................................................................ 6

*Blough v. Holland Realty, Inc.*,
    574 F.3d 1084 (9th Cir. 2009) ....................................................................... 7, 10

*Blue Chip Stamps v. Manor Drug Stores*,
    421 U.S. 723 (1975) ............................................................................................ 2

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ............................................................................................ 7

*De la Fuente v. DCI Telecomms., Inc.*,
    206 F.R.D. 369 (S.D.N.Y. 2002) ........................................................................ 8

*In re Empryean Bioscience, Inc. Sec. Litig.*,
    255 F. Supp. 2d 751 (N.D. Ohio 2003) .............................................................. 3

*First Multifund for Daily Income, Inc. v. United States*,
    602 F.2d 332 (Ct. Cl. 1979) ................................................................................ 5

*Herman & Maclean v. Huddleston*,
    459 U.S. 375 (1983) ............................................................................................ 6

*Kirkwood v. Taylor*,
    590 F. Supp. 1375 (D. Minn. 1984) .................................................................... 4

*Metabolife Int'l v. Wornick*,
    264 F.3d 832 (9th Cir. 2001) .............................................................................. 7

*Morton v. Hall*,
    455 F. Supp. 2d 1066 (C.D. Cal. 2006) ............................................................ 10

*In re Polymedica Corp. Sec. Litig.*,
    224 F.R.D. 27 (D. Mass. 2004) ................................................................... 2, 3, 9

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

ii

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT

*In re Reliant Sec. Litig.*,
  No. H-02-1810, 2005 U.S. Dist. LEXIS 9716 (S.D. Tex. Feb. 18, 2005) ........... 2

*Shapiro v. UJB Fin. Corp.*,
  964 F.2d 272 (3d Cir. 1992) .............................................................................. 4, 5, 8

*In re Suprema Specialties, Inc. Sec. Litig.*,
  438 F.3d 256 (3d Cir. 2006) ................................................................................ 10

*W. Wash. Laborers-Employers Pension Trust v. Panera Bread Co.*,
  No. 08-00120, 2009 U.S. Dist. LEXIS 103460 (E.D. Mo. Nov. 6, 2009) ........... 8


STATUTES

15 U.S.C. § 77e .............................................................................................................. 4

15 U.S.C. § 78u-4(b)(3)(B) ............................................................................................ 8


OTHER AUTHORITIES

Adam Chodorow, Tracing Basis Through Virtual Spaces, 95 Cornell L. Rev.
  283, 304 (2010) .................................................................................................. 10

Fed. R. Civ. P. 26(d) ..................................................................................................... 8

Fed. R. Civ. P. 56(f) ............................................................................................ *passim*

H.R. Rep. No. 73-85 (1933) .......................................................................................... 5

S.E.C. Rule 144 ............................................................................................................. 5

S.E.C. Rule 415 ......................................................................................................... 3, 4

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

iii

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT

# I. INTRODUCTION

On April 5, 2005 and April 19, 2006, Defendants filed registration statements on SEC Form S-3 (the "DRIP Registration Statements") that registered shares to be issued through SouthWest Water Company's ("SouthWest" or the "Company") Amended and Restated Dividend Reinvestment and Stock Purchase Plan (the "DRIP Plan"). *See* Defendants' Ex. A, D. The DRIP Plan allows investors to purchase SouthWest stock instead of receiving a dividend. *Id*. Ex. A at 12, Ex. D at 9. The DRIP Registration Statements incorporated certain financial statements that the Company later restated, admitting that they were false. *Id*. Ex. A at 9, Ex. D at 7. Plaintiffs purchased stock pursuant to the DRIP Registration Statements, Declaration of Michael Goldberg, Ex. A, Ex. B, and have brought claims under Section 11 of the Securities Act of 1933 (the "Securities Act"), which imposes strict liability for false statements within a registration statement.

In the face of these facts, Defendants claim that they structured their DRIP Plan and, in particular, held the shares which were part of the DRIP Plan in such a way that makes it impossible to determine whether the shares an investor received were shares registered by the DRIP Registration Statements. In essence, they claim they have made it impossible for Plaintiffs to show they have standing by creating a plan which enables SouthWest to evade liability and to deprive DRIP investors of their rights under the Securities Act, even though it is indisputable that these investors did purchase shares pursuant to the DRIP Registration Statements. Defendants' argument, however, is wrong as a matter of law. The truth is that which particular shares Plaintiffs ultimately received from SouthWest is irrelevant to the Court's determination of standing. Plaintiffs have standing because they purchased shares pursuant to the false DRIP Registration Statements, regardless of whether SouthWest chose to deliver those or some other shares to Plaintiffs.

Accordingly, Plaintiffs can defeat Defendants' motion on the record as it

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

- 1 -

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT

stands today. However, should the Court disagree, Plaintiffs respectfully request the Court grant a continuance of the summary judgment motion under Federal Rule of Civil Procedure 56(f). Plaintiffs have not yet been permitted to take any discovery due to the discovery stay under the Private Securities Litigation Reform Act ("PSLRA"). Plaintiffs should be permitted to take discovery so that the Court can resolve the motion with the benefit of a full factual record.

## II. ARGUMENT

### A. Plaintiffs Have Standing Under Section 11

For Plaintiffs to have standing under Section 11, they need only show that they purchased shares issued pursuant to a false registration statement, not that they ultimately received those particular shares. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 735-36 (1975) ("The principal express [] private civil remedies, created by Congress . . . for violations of the various provisions of the 1933 and 1934 Acts are by their terms expressly limited to *purchasers or sellers* of securities."); *see also In re Reliant Sec. Litig.*, No. H-02-1810, 2005 U.S. Dist. LEXIS 9716, at *35 (S.D. Tex. Feb. 18, 2005) ("It is the fact that one was a *purchaser* of the security that gives him standing under Section 11.") (emphasis in original).

It is irrelevant for standing purposes that Defendants may have ultimately chosen to deliver shares to Plaintiffs that were not the shares Plaintiffs purchased. Under analogous circumstances, courts have held that purchasers of stock have standing under Section 11 even if they do not hold the shares they purchased because the shares were lent by their broker to facilitate short-selling. *See In re Polymedica Corp. Sec. Litig.*, 224 F.R.D. 27, 45 (D. Mass. 2004) ("Standing in a securities fraud case is not contingent on the rights a person has in a security.") *vacated on other grounds*, 432 F.3d 1 (1st Cir. 2005) (emphasis added)[1]; *Reliant,*

---

[1] Indeed, *Polymedica* also noted that courts have "held that an entity that entered into a contract for securities had standing to sue as a 'purchaser' even though the

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

- 2 -    OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT

2005 U.S. Dist. LEXIS 9716, at **25-36.  Likewise, here, Plaintiffs have standing because they purchased shares issued pursuant to the DRIP Registration Statements, even if SouthWest may have elected to give Plaintiffs other shares.

Defendants argue that "the shares received by Plaintiffs pursuant to the DRIP Plan could have come from shares previously registered in any of SWWC's 16 registration statements."  Def. SouthWest's, Anton C. Garnier's, Mark A. Swatek's, Cheryl L. Clary's, and Peter Moerbeek's Brief in Supp. of Mot. for Partial Summ. J. ("SW MSJ Br.") at 2.  But the fact that the shares *received* could have come from previous registration statements is irrelevant.  In fact, one court has held that merely receiving shares pursuant to a registration statement does not create standing under Section 11 if the shares that were received were not purchased.  *In re Empryean Bioscience, Inc. Sec. Litig.*, 255 F. Supp. 2d 751, 765-66 (N.D. Ohio 2003) (registration statement did not effect a sale of securities, but only a change in corporate domicile through a merger, so there was no standing for recipients of shares).  Defendants suggest that because a person *receives* a particular share, he or she is necessarily the *purchaser* of that particular share.  But that interpretation is inconsistent both with the case law discussed above and with everyday experience.[2]

It is uncontroverted that, at the time Plaintiffs purchased their shares under the DRIP Plan, there was only one registration statement in effect.  Indeed, the DRIP constituted a "continuous offering" of securities within the meaning of SEC Rule 415,[3] and upon their effective dates, the DRIP Registration Statements terminated any earlier registration statements as to the securities which were part of the offering.  *See* SEC Rule 415(a)(6) (stating that earlier registration statement is "deemed terminated as of the date of the effectiveness of the new registration

---

other party to the contract never had the securities to transfer."  *Id*.
[2] Suppose Buyer A transacts with Seller to purchase a 2005 Ford Mustang.  However, Seller delivers that car to Buyer B and delivers a 1995 Mustang to Buyer A.  Buyer A is still considered the purchaser of the 2005 Mustang because that is the car she transacted for.
[3] Defendants' Ex. A at 3, Ex. D at 2.

statement").[4] Thus, Plaintiffs *necessarily* purchased shares pursuant to the DRIP Registration Statements, regardless of whether they ultimately received those shares, and therefore have standing under Section 11.

Defendants' cited cases are not to the contrary. Most of those cases involved purchasers who bought in the open market, not directly from the issuer. *See Abbey v. Computer Memories, Inc.*, 634 F. Supp. 870, 873 n.2 (N.D. Cal. 1986) ("These shares were not purchased pursuant to the offering or from any of the participants in the offering, but were purchased in the open market[.]"); *Kirkwood v. Taylor*, 590 F. Supp. 1375, 1378-79 (D. Minn. 1984) (plaintiff who bought shares directly from underwriter had standing but plaintiffs who bought on secondary market did not). Neither *Abbey* nor *Kirkwood* involved a DRIP plan, although *Persky v. Turley* did. No. 88-1830, 1991 U.S. Dist. LEXIS 20074 (D. Ariz. Dec. 19, 1991). In *Persky*, however, the plaintiffs who purchased shares under the DRIP plan had standing, whereas those who "simply alleged that they purchased stock during the class period," but not necessarily pursuant to a DRIP registration statement, did not necessarily have standing. *Id*. at *18. Thus, the plaintiffs that lacked standing in these cases merely purchased shares in the open market, not shares that were registered under a specific registration statement.

Finally, *Shapiro v. UJB Financial Corp.*, 964 F.2d 272 (3d Cir. 1992), involved a DRIP plan that issued both newly registered shares and shares that the company had purchased in the secondary market. *Id*. at 285-86. The court held that "[i]f plaintiffs' shares were purchased in the secondary market, they would not

---

[4] Defendants observe that SouthWest issued some 16 registration statements dating as far back as 1999, and argue that Plaintiffs could have purchased DRIP shares pursuant to any of them. To the extent that SouthWest was selling shares to investors which had been shelf-registered as part of a continuous offering *after* their three-year expiration date, SouthWest would have violated Section 5 of the Securities Act. *See* SEC Rule 415(a)(5) (shelf-registered securities "may be offered and sold only if not more than three years have elapsed since the initial effective date of the registration statement under which they are being offered and sold"); 15 U.S.C. § 77e (prohibiting the sale of a security "[u]nless a registration statement is in effect as to [that] security").

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

- 4 -

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT

be linked to a registration statement filed during the class period[.]" *Id.* at 286. *Shapiro* is inapposite because Defendants here have presented no evidence that any shares were purchased in the secondary market before being transferred to Plaintiffs under the DRIP Plan, nor have they even argued that was so. Rather, Defendants assert only that shares issued under the DRIP Plan came from reserve pools that held shares registered under various registration statements as well as unregistered shares that became freely tradable under SEC Rule 144. SW MSJ Br. at 1-3.[5]

Plaintiffs' argument – that a purchaser of securities pursuant to a registration statement has standing regardless of whether the issuer in its sole discretion elects to deliver a share from that registration statement or an identical share from some other source – is fully consistent with the purposes and policies of the federal securities laws in general and those underlying Section 11 in particular. Section 11 is focused on ***sales*** of stock, and once the sale has been made, Section 11 is implicated, regardless of what happens afterwards. In enacting this provision, Congress intended to protect investors who purchased shares pursuant to registration statements which contained any material untruth or omission of material fact. *See* H.R. Rep. No. 73-85, at 5 (1933) (Civil liability in the Securities Act is premised on "a requirement that all those responsible for statements upon the face of which the public is solicited to invest its money shall be held to standards like those imposed by law upon a fiduciary."). Congress did not seek to permit issuers to engage in a shell game or a game of "bait and switch" to enable themselves to escape the liability provisions of that statute by substituting and delivering to the investor an identical share which came from another source.

Defendants' argument must also be rejected because it cannot be reconciled

---

[5] Even if SouthWest did purchase shares in the secondary market, it was required to re-register those shares before selling them. *See First Multifund for Daily Income, Inc. v. United States*, 602 F.2d 332, 335-36 (Ct. Cl. 1979) (holding that all securities sold by an issuer must be registered before sale even if such securities were repurchased by the issuer subsequent to their earlier sale and registration).

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

- 5 -

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT

with the fundamental investor protection goals of the federal securities laws. *See id*. Moreover, the result Defendants seek through their motion – depriving good faith investors who purchased stock pursuant to a registration from the protections of the Securities Act – would be patently inequitable. Indeed, the Supreme Court has flatly rejected the technical and restrictive interpretation of the federal securities laws that Defendants advocate. *See Herman & Maclean v. Huddleston*, 459 U.S. 375, 386-87 (1983) ("[S]ecurities laws combating fraud should be construed not technically and restrictively but, flexibly to effectuate [their] remedial purposes.") (internal quotation marks omitted; alteration in original); *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 151 (1972). Under Defendants' interpretation, an issuer of stock can immunize itself from Section 11 liability simply by commingling newly registered shares with old. This case is unlike Defendants' cited authority, discussed above, in which plaintiffs purchased shares in the open market. Here, Plaintiffs in good faith purchased shares ***directly from SouthWest*** pursuant to the plan documents and DRIP Registration Statements. Defendants, whether intentionally or not, have designed a system of holding stock that they contend makes it impossible to establish Section 11 standing. Defendants' interpretation of standing requirements would place the determination of standing within the exclusive control of the defendant and would encourage issuers to structure such transactions so as to improperly evade the purposes of the federal securities laws. Their argument, if accepted, would subvert the goals of the federal securities laws, is fundamentally inequitable, and, accordingly, should be rejected.[6]

### B. Alternatively, the Court Should Grant a Continuance of the Summary Judgment Motion

For the reasons set forth above, the motion should be denied. In the event, however, that the Court does not deny the motion, Plaintiffs respectfully request

---

[6] Because Plaintiffs have established a claim under Section 11, moreover, they have established a claim under Section 15, 15 U.S.C. § 77o.

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

- 6 -   OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT

that the Court grant a continuance of the summary judgment motion under Federal Rule of Civil Procedure 56(f).

### 1. Legal Standard

Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

"To prevail under this Rule, parties opposing a motion for summary judgment must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (internal quotations marks and citation omitted). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Id*. (internal quotations marks and citation omitted). Where, as here, the party opposing a motion for summary judgment has had *no* opportunity for discovery, however, the Ninth Circuit has held that Rule 56(f) *requires* that such discovery be permitted. *Metabolife Int'l v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

- 7 -

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT

### 2. A Rule 56(f) Continuance is Appropriate Because Plaintiffs Have Not Been Permitted to Conduct Any Discovery

A continuance under Rule 56(f) is necessary here, where Plaintiffs have not yet been permitted to engage in *any* discovery efforts due to the automatic stay of discovery mandated by the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B), and the operation of Federal Rule of Civil Procedure 26(d). Affidavit of Daniel S. Sommers Pursuant to Rule 56(f) ("Sommers Aff.") ¶ 4. Courts have specifically held that summary judgment is inappropriate where the PSLRA stay has prevented the non-moving party from obtaining discovery. *See, e.g., De la Fuente v. DCI Telecomms., Inc.*, 206 F.R.D. 369, 388 (S.D.N.Y. 2002) ("[w]hile defendants have put forth a strong case that summary judgment should be granted in their favor, it would be improper to decide this motion without allowing the plaintiffs to conduct any discovery" and "[b]ut for the PSLRA, there would have been no stay of discovery and I would be free to consider the [] defendants' dispositive motion"); *W. Wash. Laborers-Employers Pension Trust v. Panera Bread Co.*, No. 08-00120, 2009 U.S. Dist. LEXIS 103460, at **10-11 (E.D. Mo. Nov. 6, 2009) (summary judgment on disputed factual issues inappropriate where PSLRA stay prevented plaintiffs from obtaining discovery).[7]

"[T]he Supreme Court has explained that summary judgment should only be granted 'after adequate time for discovery[.]'" *De la Fuente*, 206 F.R.D. at 388 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Plaintiffs have had, not just inadequate time for discovery, but *no* time at all. Moreover, Defendants have submitted declarations supporting their motion, but Plaintiffs are not able to depose the declarants or otherwise conduct discovery on the subjects covered by the

---

[7] Defendants' own authority supports a Rule 56(f) continuance here. *See Abbey v. Computer Memories, Inc.*, 634 F. Supp. 870, 873 n.2 (N.D. Cal. 1986) (noting that the court had granted a Rule 56(f) continuance before ruling on standing); *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 286 (3d Cir. 1992) (denying motion to dismiss because discovery had not yet taken place).

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

- 8 -

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT

declarations.  The Court should therefore permit Plaintiffs to conduct discovery so that it can decide Defendants' motion with the benefit of a full factual record.

### 3. Plaintiffs Meet the Rule 56(f) Standard

The attached affidavit of Daniel S. Sommers describes in detail the facts Plaintiffs seek to elicit from further discovery, explains why those facts exist, and describes why those facts are necessary to oppose Defendants' summary judgment motion.

There are two categories of information sought by Plaintiffs.  First, Plaintiffs intend to seek discovery regarding the DRIP Plan, and in particular, the sources of the shares made available for issuance under the plan, the dates on which the Company and/or its transfer agent drew from those sources of shares, and, on each date, the number of shares they drew from those sources.  Sommers Aff. ¶ 6.  To the extent that the Company drew exclusively from shares which had been registered under the DRIP Registration Statements, Plaintiffs necessarily purchased shares registered under the DRIP Registration Statements, not only as a matter of SEC Rule and of law, as described above, but as a matter of fact, and can thus demonstrate standing.  *Id*. ¶ 7.  This is true notwithstanding the fact that Defendants might have commingled SouthWest's shares in a fungible pool.  The design of the process the Company used for distributing its stock is a matter wholly beyond Plaintiffs' control, and does not change the fact that they were purchasers.  *In re Polymedica*, 224 F.R.D. at 45.  Defendants reference various sources of shares in the DRIP Registration Statements themselves, providing a reasonable basis to conclude such information exists.  Sommers Aff. ¶ 8; Defendants' Ex. A at 17, Ex. D at 15.

The second category of information sought by Plaintiffs concerns Defendants' claim that it is impossible to trace shares of SouthWest stock to specific registration statements.  Sommers Aff. ¶ 9.  Defendants rely on the

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

- 9 -

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT

declaration of James Kirkland to argue that the organization of the stock reserves maintained by SouthWest's transfer agent, Bank of New York Mellon Shareowner Services, makes it is impossible to determine the origin of any particular share within the reserves. *Id*. Plaintiffs are entitled to test the assertions set forth in the Mr. Kirkland's declaration through cross-examination and review of documents. *Id*. Plaintiffs intend to seek discovery regarding the design, organization, and operation of the stock reserves as well as SouthWest's record keeping with regard to shares. *Id*. ¶ 10.

Moreover, research by Plaintiffs' counsel has revealed that stock certificates are typically labeled with a unique identifier, which allows issuers to trace shares. *Id*. ¶ 11; Adam Chodorow, *Tracing Basis Through Virtual Spaces*, 95 Cornell L. Rev. 283, 304 (2010) ("[S]hares have historically been represented by physical certificates, each bearing a unique identifier, and therefore distinguishable from one another."); Defendants' Ex. A at 18 ("Certificates for whole shares held in your account will be sent to you upon your written request to the Administrator."). Therefore, there is a reasonable basis to believe that it is indeed possible to track shares to determine whether Plaintiffs' shares were issued under the registration statements at issue. Sommers Aff. ¶ 11; *see Blough*, 574 F.3d at 1091 n.5 (party seeking Rule 56(f) continuance need only show that there is "some basis for believing that the information sought actually exists"); *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 274 n.7 (3d Cir. 2006).

Plaintiffs' showing is sufficient to justify a Rule 56(f) continuance. Plaintiffs have had no opportunity for discovery to date, and each of the facts sought by Plaintiffs is within the exclusive knowledge of Defendants or Defendants' agents. *See Morton v. Hall*, 455 F. Supp. 2d 1066, 1079 (C.D. Cal. 2006) ("A stay is especially appropriate . . . when one party has exclusive knowledge of the relevant facts[.]").

### III. CONCLUSION

For all the reasons set forth herein, Plaintiffs respectfully submit that Defendants' motion for summary judgment should be denied. In the alternative, Plaintiffs respectfully request the Court stay the summary judgment proceedings under Rule 56(f).

Dated: March 8, 2010

By: *s/Michael Goldberg*
Lionel Z. Glancy (#134180)
Michael Goldberg ((#188669)
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
info@glancylaw.com

Frederick W. Gerkens, III
1430 Broadway, Suite 1603
New York, New York 10018
Telephone: (212) 382-2221
Facsimile: (212) 382-3944
fgerkens@glancylaw.com

Cohen Milstein Sellers & Toll PLLC
Daniel S. Sommers (*pro hac vice*)
S. Douglas Bunch
Joshua M. Kolsky
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
dsommers@cohenmilstein.com

Co-Lead Counsel for Plaintiffs and the Class

**PROOF OF SERVICE BY ELECTRONIC POSTING
PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA
LOCAL RULES AND ECF GENERAL ORDER NO. 08-02
AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On March 8, 2010, I caused to be filed the following document by posting such documents electronically to the ECF website of the United States District Court for the Central District of California:

1. **OPPOSITION OF LEAD PLAINTIFFS TO DEFENDANT SOUTHWEST WATER COMPANY'S, ANTON C. GARNIER'S, MARK A. SWATEK'S, CHERYL L. CLARY'S, AND PETER J. MOERBEEK'S MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

2. **DECLARATION OF MICHAEL GOLDBERG [EXHIBITS A-G]**

3. **OPPOSITION OF LEAD PLAINTIFFS TO DEFENDANT SOUTHWEST WATER COMPANY'S, ANTON C. GARNIER'S, MARK A. SWATEK'S, CHERYL L. CLARY'S, AND PETER J. MOERBEEK'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

4. **DECLARATION OF MICHAEL GOLDBERG [EXHIBITS A-B]**

5. **PARTIAL OPPOSITION OF LEAD PLAINTIFFS TO DEFENDANT KPMG LLP'S REQUEST FOR JUDICIAL NOTICE**

6. **STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN OPPOSITION TO DEFENDANT SOUTHWEST WATER COMPANY'S, ANTON C. GARNIER'S, MARK A. SWATEK'S, CHERYL L. CLARY'S, AND PETER J. MOERBEEK'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

7. **AFFIDAVIT OF DANIEL S. SOMMERS PURSUANT TO RULE 56(f)**

8. **LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT KPMG LLP'S MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

9. **DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF LEAD PLAINTIFFS' OPPOSITION TO DEFENDANT KPMG LLP'S MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT [EXHIBITS 1-4]**

10. **LEAD PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITIONS TO DEFENDANT KPMG AND THE SOUTHWEST WATER COMPANY DEFENDANTS' MOTIONS TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

and, simultaneously served upon the following ECF-registered parties:

Blake M Harper      bmh@hulettharper.com, office@hulettharper.com

Daniel S Sommers      dsommers@cohenmilstein.com

Dennis J. Stewart      dstewart@hulettharper.com

Jennifer Marie Feldman      jennifer.feldman@dlapiper.com, sue.walton@dlapiper.com

Joon M Khang      joon@khanglaw.com

Lionel Z Glancy      lglancy@glancylaw.com

Michael M Goldberg      mmgoldberg@glancylaw.com, dmacdiarmid@glancylaw.com, info@glancylaw.com, rmaniskas@glancylaw.com, rprongay@glancylaw.com

Robert A Meyer      rmeyer@loeb.com, ptaylor@loeb.com

Robert W Brownlie      robert.brownlie@dlapiper.com, connie.garner@dlapiper.com, jennifer.feldman@dlapiper.com

Saul D Brenner      sbrenner@loeb.com, vhenderson@loeb.com

Steven J Toll      stoll@cohenmilstein.com

There are no non-ECF-registered parties.

   I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 8, 2010, at Los Angeles, California.

       ***S/Michael Goldberg***
       Michael Goldberg