1  ROBERT A. MEYER (SBN 066847)
   rmeyer@loeb.com
2  SAUL D. BRENNER (SBN 130909)
   sbrenner@loeb.com
3  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
4  Los Angeles, California 90067-4120
   Telephone:  310-282-2000
5  Facsimile:   310-282-2200

6  Attorneys for Defendant
   KPMG LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. PERRIN and DIANE L. PERRIN, Individually and on Behalf of All Others Similarly Situated, | Case No.  2:08-CV-07844 JHN (AGRx) <br><br> <u>CLASS ACTION</u> |
| Plaintiffs, | |
| v. | **NOTICE OF RECENT AUTHORITY SUBMITTED IN SUPPORT OF KPMG LLP'S MOTION TO DISMISS** |
| SOUTHWEST WATER COMPANY, ANTON C. GARNIER, MARK A. SWATEK, CHERYL L. CLARY, PETER J. MOERBEEK and KPMG LLP, | Date: June 21, 2010 <br> Time: 2:00 p.m. <br> Courtroom: #790 Roybal |
| Defendants. | |

LA2049401.1
210126-10013

KPMG'S NOTICE OF RECENT AUTHORITY

Defendant KPMG LLP, in further support of its pending motion to dismiss, submits the following opinion that was decided after the close of briefing: *Fait v. Regions Financial Corp.*, No. 09 Civ. 3161 (LAK), 2010 WL 1883487 (S.D.N.Y. May 10, 2010). A copy of this opinion is attached hereto as Exhibit A.

In *Fait*, the court held that alleged GAAP violations such as misstating goodwill and loan loss reserves incurred as a result of a merger were insufficient to maintain a § 11 claim against both auditor defendants and the corporate issuer. *See id.* at *4 n.46. The court reached this conclusion since:

- "[T]he value of such assets [goodwill] is a matter of *judgment and opinion*." *Id.* at *4. (emphasis added).
- "In the absence of particularized allegations that management believed that the goodwill figure was materially overstated, the amended complaint is insufficient in this respect as a matter of law." *Id.*
- "Loan loss reserves therefore reflect management's opinion as to the likelihood of future loan losses and their magnitude. . . . Whether Regions had adequate reserves for its predicted loan losses is not a matter of objective fact." *Id.* at *5.
- "Plaintiffs conclusory allegations that Regions' provision for loan losses was 'woefully inadequate' and did not comply with GAAP therefore are insufficient to state a claim." *Id.*
- "*Plaintiff contends that it is not required to plead the 'subjective falsity' of statements concerning loan losses. Plaintiff's assertion, however, is singularly unpersuasive for the reasons already stated. Moreover, it conflicts with abundant case law in this Circuit.*" *Id* at *5 n.55 (citations omitted, emphasis added).

Here, plaintiffs similarly assert that SouthWest Water Company's ("SWC") financial statements were misrepresented based on matters involving the very same types of accounting judgments that proved insufficient in *Fait*:

- CAC ¶ 52 (Tables from SWC 2008 10K depicting restatement adjustments due to (1) Application of SFAS No. 71; (2) Accounting for Acquisitions; (3) Goodwill, Valuation and Accounting Estimates; (4) Capitalization of Operating Costs, and; (5) Other).

- SFAS No. 71 provides in part: "It is *probable that future revenue* in an amount at least equal to the capitalized cost will result from inclusion of that cost in allowable costs for rate-making purposes." CAC ¶ 48(a) (emphasis added).

- "Depreciation is the method of allocating the cost of a tangible capital asset, less salvage (if any), over the *estimated* useful life of the asset . . . ." CAC ¶ 127 (emphasis added).

- "SFAS No. 5, Accounting for Contingencies, ¶ 8 provides in this regard:

   *An estimate* [sic] loss from a loss contingency . . . shall be accrued by a charge to income if both of the following conditions are met:

   (a)  Information available [sic] to the issuance of the financial statements indicate [sic] *that it is probable* that an asset had been impaired or a liability had been incurred at the date of the financial statements . . . .[and]

   (b)  The amount of the loss can be *reasonably estimated*." CAC ¶ 141 (emphasis added).

- With respect to Acquisition Accounting and Reporting, plaintiffs allege that "[r]eplacement cost may be determined directly if a used-asset market exists for the assets acquired. ***Otherwise, the replacement cost should be estimated*** . . . ." CAC ¶ 149 (emphasis in original).

- With respect to internal controls, "reportable conditions are matters coming to the auditor's attention that, *in his judgment*, should be

1 | communicated to the audit committee . . . ." CAC ¶ 164 (emphasis
2 | added).
3 | Since these matters all involve judgment and opinion, and are not objective facts,
4 | plaintiffs here are likewise required (as in *Fait*) to plead *subjective falsity*, which
5 | they have failed to do.

7 | Dated:  May 18, 2010

LOEB & LOEB LLP
ROBERT A. MEYER
SAUL D. BRENNER

By: /s/Robert A. Meyer
Robert A. Meyer
Attorneys for Defendant
KPMG LLP