1  GLANCY BINKOW & GOLDBERG LLP
2  Lionel Z. Glancy (#134180)
   Ex Kano S. Sams II (#192936)
3  Robert V. Prongay (#270796)
4  1925 Century Park East, Suite 2100
   Los Angeles, California 90067
5  Telephone: (310) 201-9150
6  Facsimile: (310) 201-9160
7  E-mail: info@glancylaw.com

8  COHEN MILSTEIN SELLERS & TOLL PLLC
9  Daniel S. Sommers (*pro hac vice*)
   S. Douglas Bunch
10 Joshua M. Kolsky
11 1100 New York Avenue, N.W., Suite 500 West
   Washington, D.C. 20005
12 Telephone: (202) 408-4600
13 Facsimile: (202) 408-4699

14
15 *Co-Lead Counsel for Plaintiffs and the Class*

16        **UNITED STATES DISTRICT COURT**
17        **CENTRAL DISTRICT OF CALIFORNIA**

18 ROBERT G. PERRIN and DIANE L.       Case No. CV 08-07844 DMG
19 PERRIN, Individually and On Behalf of  (AGRx)
   All Others Similarly Situated,
20
21 Plaintiffs,
22 v.                                    **STIPULATION AND**
                                         **[PROPOSED] ORDER**
23                                       **GOVERNING**
   SOUTHWEST WATER COMPANY,              **CONFIDENTIALITY OF**
24 *et al.*,                             **DISCOVERY MATERIALS**
25
26 Defendants.
27
28

GBGllp

**MANDATORY CHAMBERS COPY**

*NOTE CHANGES MADE BY THE COURT*

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted.  Accordingly, the parties hereby stipulate and agree to the following Protective Order ("Order"), subject to Court approval.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.  The parties agree to abide by applicable rules and procedures when a party seeks permission from the Court to file material under seal.

## 2.   DEFINITIONS

2.1   Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "Confidential" Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staffs).

2.4     Designating Party: A Party or Non-Party that designates information or items produced in disclosures or in responses to discovery as "Confidential."

2.5     Disclosure or Discovery Material: All information or items, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert and/or Consultant: A person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.7     "Highly Confidential" Information or Items: Extremely sensitive "Confidential" product-, competitive-, or technology-related information or items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     In-House Counsel: Attorneys who are employees of a Party. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: Any natural person, partnership, corporation, association, or other entity not named as a Party to this action.

2.10  <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action or have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including independent contract attorneys and third-party investigators hired by outside counsel who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A).

2.11  <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.12  <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13  <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and their employees and subcontractors.

2.14  <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "Confidential."

2.15  <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material, but also: (1) any information copied or extracted therefrom; (2) all copies, excerpts, summaries, or compilations thereof; and (3) any testimony, conversations, or presentations by Parties or Counsel to, or in, court or in other settings that reveal Protected Material.   The protections conferred by this Stipulation and Order, however, do not cover information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4.    DURATION

Even after the final termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  Final termination shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. To the extent it is practical to do so, each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards set forth in Fed. R. Civ. P. 26(c). The Parties have established a procedure to meet and confer to resolve challenges to specific confidentiality designations, as set forth below in Section 6.2. Designations that are shown to be clearly unjustified or made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.2    De-Designating Material: If it comes to a Designating Party's or a Non-Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party or Non-Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.3    Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(a)   Information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings). To designate information in documentary form as Protected Material, the Producing Party shall affix the legend "Confidential" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.   Then, before producing the specified documents, the Producing Party may affix the "Confidential" legend to each page that contains Protected Material.

A Party may have the right to designate documents produced by another Party or Non-Party "Confidential" subject to the terms of this Order including, but not limited to, the provisions for challenging confidentiality designations set forth in Section 6, below. Within 21 days of receipt of such documents, the Designating Party shall provide notice to all other Parties and the producing Non-Party of such designation. After receiving this notice and upon agreement from the Producing

Party, the Designating Party or the Producing Party or Non-Party shall affix the "Confidential" legend to the documents designated.

(b)     <u>Testimony given in deposition or in other pretrial proceedings.</u> To designate testimony given in deposition, pursuant to letters rogatory, or in other pretrial proceedings as Protected Material, any Party or the Non-Party offering the testimony may identify all protected testimony.  A Party or Non-Party that offers or gives the testimony shall have 21 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within 21 days after receipt of the transcript shall be covered by the provisions of this Order.  All testimony given in depositions, pursuant to letters rogatory, or in other pretrial proceedings shall be designated as "Confidential" from the date of the testimony until the expiration of the 21 days following receipt of the transcript.

To the extent it is practicable to do so, parties shall give the other parties general notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A) are present at those proceedings.  The use of a

document as an exhibit at a deposition shall not in any way affect its designation as "Confidential."

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential," as instructed by the Party or Non-Party designating the testimony.

(e)   Information produced in some form other than documentary, and any other tangible items.   To designate information produced in some form other than documentary and other tangible items as Protected Material, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential."

A Party may designate non-documentary materials produced by another Party or Non-Party as "Confidential," subject to the same requirements as Section 5.3(a) above.

5.4   Inadvertent Failures to Designate:   If timely corrected, an inadvertent failure to designate qualified information or items or testimony as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

Case 2:08-cv-07844-DMG-AGR   Document 145   Filed 04/22/14   Page 10 of 26   Page ID
#:5178
Case 2:08-cv-07844-DMG-AGR   Document 130   Filed 03/03/14   Page 10 of 29   Page ID
#:4056

5.5   <u>"Highly Confidential" Information or Items</u>: A Party may designate "Highly Confidential" information or items pending entry of a suitable supplemental protective order concerning their treatment unless the Court rules the material is not entitled to such protection. Pending entry of a supplemental protective order, or as otherwise agreed to by all Parties, the Parties will treat such material as "Confidential."

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>: Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>: A Party that elects to initiate a challenge to a confidentiality designation must do so in good faith and must confer directly with Counsel for the Designating Party.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is

Case 2:08-cv-07844-DMG-AGR   Document 145   Filed 04/22/14   Page 11 of 26   Page ID
#:5179
Case 2:08-cv-07844-DMG-AGR   Document 130   Filed 03/03/14   Page 11 of 29   Page ID
#:4057

offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Absent good cause, such as a large number of disputed documents for the parties to analyze, the parties shall have 21 days from the initial notification of a challenge to complete the meet and confer process.

6.3    Judicial Intervention: If the Challenging Party and the Designating Party are unable to resolve a dispute about a confidentiality designation in the manner provided in paragraph 6.2 above, the Challenging Party may contest the confidentiality designation by filing and serving a discovery motion as provided in the Civil Local Rules. Absent good cause, such a motion must be made within 45 days of the parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a statement that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties), may expose the Challenging Party to sanctions.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. The Designating Party bears the burden, for each particular

document it seeks to protect, of showing that the confidentiality designation is proper under the terms of this Order.

Notwithstanding any challenge to the designation of material as Protected Material, all such documents shall be treated as such and shall be subject to the provisions of this Order unless and until one of the following occurs: (a) the Designating Party withdraws such designation in writing to all Parties and no other Party has designated that material as Protected Material; or (b) the Court rules the material is not Protected Material.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "Confidential" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Counsel of Record, including any outside vendor providing litigation support or photocopying services, to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A);

(c)   Experts and/or Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A);

(d)   the Court, court personnel, potential jurors, jurors, or alternate jurors;

(e)   court reporters or videographers and their staff, mediators and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A);

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information and who has signed the "Agreement to Be Bound By Protective Order" (Exhibit A); and

(g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," the Receiving Party must so notify the Designating Party, in writing (by email, if possible) immediately and in no event more than five court days after learning of the receipt of the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must inform in writing as soon as reasonably practicable the party who caused the subpoena or order to issue in the other

Case 2:08-cv-07844-DMG-AGR   Document 145   Filed 04/22/14   Page 15 of 26   Page ID
#:5183
Case 2:08-cv-07844-DMG-AGR   Document 130   Filed 03/03/14   Page 15 of 29   Page ID
#:4061

litigation that some or all of the material covered by the subpoena or order is the

subject of this Order.  In addition, the Receiving Party must deliver a copy of this

Order promptly to the party in the other action that caused the subpoena or order to

issue.

If the Designating Party timely seeks a protective order, the Party served

with the subpoena or court order shall not produce any information designated in

this action as "Confidential" before a determination by the court from which the

subpoena or order issued, unless the Party has obtained the Designating Party's

permission.

The purpose of imposing these duties is to alert the interested parties to the

existence of this Order and to afford the Designating Party in this case an

opportunity to try to protect its confidentiality interests in the court from which the

subpoena or order issued.  The Designating Party shall bear the burdens and the

expenses of seeking protection in that court of its confidential material – and

nothing in these provisions should be construed as authorizing or encouraging a

Receiving Party in this action to disobey a lawful directive from another court.

9.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION**

(a)   With the non-party's agreement, The terms of this Order are applicable to information produced by a

Non-Party in this action and designated as "Confidential." Such information

produced by a Non-Party in connection with this litigation is protected by the

14
STIPULATION AND [PROPOSED] ORDER
GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS

Case 2:08-cv-07844-DMG-AGR   Document 145   Filed 04/22/14   Page 16 of 26   Page ID
#:5184
Case 2:08-cv-07844-DMG-AGR   Document 130   Filed 03/03/14   Page 16 of 29   Page ID
#:4062

remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.   If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

Case 2:08-cv-07844-DMG-AGR  Document 130  Filed 03/03/14  Page 17 of 29  Page ID #:4063

determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of the applicable terms of this Order, and (d) request such person or persons to agree to execute the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A.

**11.    FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with applicable rules and procedures. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

**12.    INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR OTHERWISE PROTECTED MATERIAL**

Case 2:08-cv-07844-DMG-AGR   Document 145   Filed 04/22/14   Page 18 of 26   Page ID
#:5186
Case 2:08-cv-07844-DMG-AGR   Document 130   Filed 03/03/14   Page 18 of 29   Page ID
#:4064

12.1   Pursuant to Federal Rules of Evidence 502(d) and (e), the inadvertent production of information that is privileged or otherwise protected will not operate as a waiver of privilege or work-product protection in this proceeding or in any other federal or state proceeding.   For purposes of this Order, an inadvertent production includes a production without prior review of the information for privilege or work product, or with use of linguistic tools in screening for privilege or work-product protection.   Nothing in this Section precludes a Party from otherwise challenging a claim of privilege or work-product protection.

12.2   In the event that privileged or otherwise protected information is inadvertently produced, the following procedures will apply:

(a)   If a Producing Party discovers that it inadvertently produced information that the Producing Party claims is privileged or otherwise protected work product, the Producing Party will promptly: (i) advise the Receiving Party of the inadvertent disclosure in writing (unless written notification is impractical); and (ii) explain the basis for the claim of privilege or work-product protection. After being notified, the Receiving Party shall treat the information in compliance with the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

(b)   If a Receiving Party discovers information that it reasonably believes to be privileged or protected work product, the Receiving Party will treat the information in compliance with Federal Rule of Civil Procedure 26(b)(5)(B)

and notify the Producing Party of the disclosure and identify the information. The Producing Party then has five (5) business days to: (i) confirm whether it intends to assert that the information is privileged or work product; and (ii) provide the basis for the claim of privilege or protection. The Receiving Party shall at all times treat the specified information in accordance with the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

(c)     To the extent the Receiving Party challenges the claim of privilege or work product under this Section, the Parties must meet and confer in an attempt to resolve the matter. If the Parties cannot resolve the dispute, the Party challenging the claim of privilege or work product shall have a reasonable amount of time to present the issue to the Court consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

(d)     If a Party receives information that it does not reasonably believe to be privileged or otherwise protected work product, disclosure or use of the information by the Receiving Party, including production to a third party before notice from the Producing Party that the information was inadvertently produced, will not be deemed a violation of this Order.     Under these circumstances, however, the Receiving Party is precluded from arguing that the Producing Party waived privilege or work-product protection based solely on the

Receiving Party's disclosure of the inadvertently produced information to a third party.

(e)     If the Receiving Party disclosed the inadvertently produced information to a third party before receiving notice of a claim of privilege or work-product protection, it must take reasonable steps to retrieve the information and to return it, sequester it until the claim is resolved, or destroy it.

(f)     If, during a deposition, the Producing Party asserts for the first time that information contained in a marked exhibit was inadvertently produced and is privileged or protected work product and the Receiving Party disputes the assertion, the Receiving Party may present the information to the Court under seal for a determination of the claim on an expedited basis, where appropriate, and reserve the right to seek to question the deponent regarding the challenged information on an expedited basis, if necessary, to the extent not privileged or protected. The Producing Party shall make reasonable efforts to cooperate with the Receiving Party regarding additional questioning, if any, on such information to the extent ordered by the Court.

(g)     Compliance with Federal Rule of Civil Procedure 26(b)(5)(B) does not waive the Receiving Party's right to challenge the Producing Party's assertion of privilege or work-product protection.

13.     **FINAL DISPOSITION**

1
2
3    Unless otherwise ordered or agreed in writing by the Producing Party, within
4   90 days after the final termination of this action as defined Section 4, including
5   appellate litigation or the time period therefore, each Receiving Party must return
6   all Protected Material to the Producing Party or destroy such material, at the
7   Receiving Party's option. As used in this subdivision, "all Protected Material"
8   includes all copies, abstracts, compilations, summaries, or any other form of
9   reproducing or capturing any of the Protected Material. Whether the Protected
10  Material is returned or destroyed, the Receiving Party must submit a written
11  certification to the Producing Party (and, if not the same person or entity, to the
12
13  Designating Party) by the 60 day deadline that identifies (by category, where
14  appropriate) all the Protected Material that was returned or destroyed and that
15
16  affirms that the Receiving Party has not retained any copies, abstracts,
17  compilations, summaries, or other forms of reproducing or capturing any of the
18
19  Protected Material. Notwithstanding this Provision, Counsel are entitled to retain
20  an archival copy of all pleadings, motion papers, transcripts, legal memoranda,
21  correspondence, deposition and trial exhibits, expert reports or attorney work
22
23  product, even if such materials contain Protected Material. Any such archival
24  copies that contain or constitute Protected Material remain subject to this Order as
25
26  set forth in Section 4 (DURATION), above.
27
28  **14.  MISCELLANEOUS**

20
STIPULATION AND [PROPOSED] ORDER
GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS

14.1  <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek modification of this Order by proper application to the Court on notice to the other Parties hereto for good cause.

14.2  <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3  <u>No Waiver</u>: Entering into, agreeing to, and/or producing or receiving material designated as "Confidential," or otherwise complying with the terms of this Order shall not:

(a)  Operate as an admission by any party that any particular material designated as Protected Material constitutes or does not constitute trade secrets, proprietary or commercially sensitive information, or any other type of Protected Material;

(b)  Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

(c)  Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

Case 2:08-cv-07844-DMG-AGR   Document 145   Filed 04/22/14   Page 23 of 26   Page ID
#:5191
Case 2:08-cv-07844-DMG-AGR   Document 130   Filed 03/03/14   Page 23 of 29   Page ID
#:4069

(d)     Prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Protected Material;

(e)     Prevent the Parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

(f)     Be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection; and/or

(g)     Prevent a Party or Non-Party from objecting to discovery that it believes to be improper, including objections based upon the privileged, confidential, or proprietary nature of the Protected Material requested.

14.4   Subject to Jurisdiction: All persons who have access to information or material designated as Protected Material under this Order acknowledge that they are bound by this Order and submit to the jurisdiction of this Court for the purposes of enforcing this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 27, 2014          GLANCY BINKOW & GOLDBERG LLP


By: _____
Ex Kano S. Sams II
Lionel Z. Glancy

Case 2:08-cv-07844-DMG-AGR   Document 145   Filed 04/22/14   Page 24 of 26   Page ID
#:5192
Case 2:08-cv-07844-DMG-AGR   Document 130   Filed 03/03/14   Page 24 of 29   Page ID
#:4070

1
2
3
4
5
6
7
8
9
10
11
12

Robert V. Prongay
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

Daniel S. Sommers
S. Douglas Bunch
Joshua M. Kolsky
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Telephone: (202) 408-4600

*Attorneys for Lead Plaintiff*

13
14   Dated:  February 27 2014

DLA PIPER LLP

15
16   By: _____
17   Robert W. Brownlie
18   Gerard A. Trippitelli
19   Jennifer M. Feldman
20   401 B Street, Suite 1700
21   San Diego, CA 92101-4297
22   Telephone: 619.699.2700
     Facsimile: 619.699.2701

*Attorneys for Defendants*

23
24
25
26
27
28

IT IS SO ORDERED.

DATED: 4/22/2014

Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE

23
STIPULATION AND [PROPOSED] ORDER
GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS

Case 2:08-cv-07844-DMG-AGR   Document 145   Filed 04/22/14   Page 25 of 26   Page ID
#:5193
Case 2:08-cv-07844-DMG-AGR   Document 130   Filed 03/03/14   Page 25 of 29   Page ID
#:4071

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *The Hemmer Group v. SouthWest Water Co., et al.,* Case Number CV 08-07844 DMG (AGRx). I understand that the Protective Order, a copy of which has been given to me, prohibits me from disclosing or using in any manner any information or items subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose or use in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Case 2:08-cv-07844-DMG-AGR   Document 145   Filed 04/22/14   Page 26 of 26   Page ID
#:5194
Case 2:08-cv-07844-DMG-AGR   Document 130   Filed 03/03/14   Page 26 of 29   Page ID
#:4072

Date:

City and state where sworn and signed:

Printed name:

Signature:

25
STIPULATION AND [PROPOSED] ORDER
GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS